EDWARD SHIRTLIFF, plaintiff in error, *v*. THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Morgan.*

On appeal to the Circuit Court, in a criminal case, the Circuit Court can try the cause *de novo*.

Surplusage does not *vitiate* a warrant.

Where the *capias*, issued for the arrest of a person charged with an assault and battery, stated that the act complained of was "contrary to the law of the State of Illinois, and in violation of the ordinances of the town of Lynville," and the cause was placed on the justice's docket in the name of the "President and Trustees of Lynville," and the justice gave judgment in favor of the "President," &c. ; and on appeal, the Circuit Court directed the cause to be docketed in the name of the "People," and tried the cause as between the "People" and the defendant : *Held*, that there was no error.

ON the 22d day of April, 1839, William Gordon, Esq., a justice of the peace of the county of Morgan, issued the following *capias*, to wit :

"State of Illinois, Morgan county, *sct*. The People of the State of Illinois, to any constable of said county, greeting :

"Whereas, Christiana Riggs hath complained on oath, in writing, that Edward Shirtliff did, on the 21st day of April, 1839, commit an assault and battery on the body of the said Christiana Riggs, contrary to the law of the State of Illinois, and in violation of the ordinances of the town of Lynville, —

"These are therefore to command you to take the body of said Edward Shirtliff, and bring him forthwith before me to answer to the complaint aforesaid, and to be further dealt with according to law.

"Given under my hand and seal, this 22d day of April, 1839.
"WILLIAM GORDON, J. P. (Seal.) "

Said *capias* was indorsed, "The town of Lynville *v*. Edward Shirtliff."

On the same day, said Shirtliff was tried by a jury before said Gordon, in a cause entitled "The President and Board of Trustees of the town of Lynville *v*. Edward Shirtliff." The jury found the defendant guilty, and fined him forty dollars and costs of suit. Upon this verdict, the Court rendered the following judgment : "Therefore, it is ordered that the President and Trustees of the town of Lynville recover of the defendant the sum of forty dollars, fine, and costs of suit, taxed at two dollars sixty-eight and three quarters cents."

From this judgment the defendant appealed to the Circuit Court of Morgan county, and the cause was there docketed "The President and Trustees of Lynville *v*. Edward Shirtliff." Upon the

calling of the cause in the Circuit Court, the defendant moved the Court to quash the proceedings, and reverse the judgment of the justice, and dismiss the suit for the following reasons :

1. The justice of the peace had no jurisdiction to try the cause.

2. The plaintiffs cannot sustain this action which is for a criminal offence against the law of the State.

3. The action is brought contrary to law.

4. The president and trustees of an incorporated town have no legal right to fine any person over five dollars for any one breach of a town ordinance.

5. It is an action for a crime or misdemeanor, and not cognizable before a magistrate in behalf of a corporation or town.

6. It should have been an action of debt for a fine not exceeding five dollars, previously assessed by the corporate authorities.

7. Incorporated towns cannot enact penal codes, except in the strict performance of their duties and powers as defined by law.

The Circuit Court overruled the motion, and the defendant excepted to the decision. Thereupon a jury was called to try an issue between the People of the State of Illinois and said Shirtliff, to which the defendant objected, and offered to prove to the Court, (and did prove to the Court so far as that fact could be proved,) by the original docket of the justice of the peace, that the cause was originally tried between said President and Trustees of Lynville and said Shirtliff ; but the Court, notwithstanding, directed the trial in the Circuit Court to be in the name of the People of the State of Illinois *v.* Edward Shirtliff, and ordered the cause to be docketed in that manner. The defendant excepted to these orders, and thereupon withdrew from the trial, and refused to make an appearance or take any part in the trial between the people of the State and the said Shirtliff. These facts were embodied in a bill of exceptions.

The jury in the Circuit Court found the defendant guilty, and fined him fifty dollars. Judgment was rendered on this verdict. From this judgment, the defendant below prosecuted a writ of error to this Court, and assigned for error the refusal of the Court to quash the proceedings before the justice, and to dismiss the suit, and the order of the Court directing the trial in the Circuit Court to be in the name of the People of the State of Illinois, instead of the President and Trustees of Lynville, as the case was originally tried before the justice.

There was a joinder in error by the Attorney-General, WICKLIFFE KITCHELL.

JOSIAH LAMBORN, for the plaintiff in error.

WILLIAM BROWN, for the defendants in error.

Forsyth *et al. v.* Baxter *et al.*

BROWNE, Justice, delivered the opinion of the Court :

Information was made upon the oath of Christiana Riggs, before W. Gordon, a justice of the peace for Morgan county, that Edward Shirtliff had committed an assault and battery upon the said Christiana Riggs. The justice of the peace, before whom the oath was made, issued his warrant for the arrest of the said Edward Shirtliff. The warrant run in the name of "the People of the State of Illinois," and went on to set out the offence "as against the laws of the State, and also against the ordinances of the town of Lynville." Edward Shirtliff was brought before the justice and fined. The case before the justice was docketed in the name of the "President and Trustees of the town of Lynville v. Edward Shirtliff." The defendant appealed from the decision of the justice to the Circuit Court of Morgan county, where the Court permitted the cause to be docketed and tried in this case in the name of the People v. Edward Shirtliff. Judgment was rendered against the defendant below, to reverse which this writ of error is brought. The statute giving jurisdiction to justices of the peace, of cases of assaults and of assaults and batteries, confers on the Circuit Court, where the appeal is brought, the right to try the case as an original one.(1) So much of the warrant as states the offence to be against the corporate authorities, &c., was nothing more than surplusage, and did not vitiate it. The statute does not make a justice's court, a court of record, but only requires him to keep a docket of the cases tried before him.

The points made by the counsel for the defendant below, are not sufficient to reverse the judgment.

Let the judgment of the Circuit Court of Morgan county be affirmed with costs.

*Judgment affirmed.*

(1) R. L. 402, 404; Gale's Stat. 415, 416.