(No. 37030.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* JOAN COLLINS *et al.,* Defendants in Error.

*Opinion filed September 28, 1962.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (JOHN T. GALLAGHER and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This matter was initiated by complaints filed before a justice of the peace in Cook County which charged the defendants, Joan Collins, Irene Collins and Tony Beretti, with gambling offenses. When the cases came on for trial, the defendants pleaded not guilty. A State police officer testified that he went into the tavern where the three defendants were working behind the bar, and there saw a dice table which was identified as People's exhibit No. 1. At this point the attorney for the defendants orally moved to suppress the evidence. After some discussion, but without the introduction of any further evidence, the motion was granted. The case was then continued generally.

The matter is now before this court upon a writ of error sued out by the People. The statutory provision upon which they rely to justify this unusual proceeding is section 17 of division XIII of the Criminal Code. That section was amended in 1961 to provide that "The People may sue out interlocutory writs of error to review any order or judgment quashing an arrest or a search warrant or suppressing evidence entered preliminary to trial." (Ill. Rev. Stat. 1961, chap. 38, par. 747.) We are of the opinion that this amendment was not intended to authorize the issuance of a writ of error from this court or from the Appellate Court to review an interlocutory order entered by a justice of the peace.

In the absence of legislation specifically providing otherwise, a writ of error lies only to a court of record. (4 C.J.S., Appeal and Error, sec. 13.) Justice of the peace courts are not courts of record. (*People* v. *Long,* 4 Ill.2d 598, 602.) Their judgments in criminal and *quasi*-criminal cases are subject to review upon appeal to the circuit, county, municipal or city courts, and in Cook County to the criminal court of that county. (Ill. Rev. Stat. 1961, chap. 79, par. 173; see, Const. art. VI, sec. 26.) From the outset appeals from justices of the peace have been determined upon a trial *de novo* and not upon a review of the record. *Shirtliff* v. *People,* 3 Ill. 7.

Prior to its amendment in 1961, section 17 of division XIII dealt with bills of exceptions and motions for new trial and in arrest of judgment in criminal cases. It also provided "that in no criminal case shall the People be allowed a new trial," and it authorized the People to sue out writs of error to review any order quashing or setting aside an indictment or information. The section has never been applicable to proceedings before justices of the peace. We do not discern in the language of the amendment any purpose to extend the application of the section to those proceedings. If the General Assembly had intended to alter the long standing practice of review of judgments of justices of the peace upon a trial *de novo,* and to establish a system of direct review of interlocutory orders of justices of the peace in the Supreme or Appellate Court, it would have made that purpose clear.

We hold that the amended statute does not apply to proceedings before justices of the peace. It follows that the writ of error must be dismissed, and it is not necessary to determine whether the order sought to be reviewed in this case was "entered preliminary to trial."

*Writ of error dismissed.*