(No. 30043.—

The People of the State of Illinois, Defendant in Error, *vs.* Albert W. Manning, Plaintiff in Error.

*Opinion filed May 22, 1947—Rehearing denied September 16, 1947.*

PAUL E. THURLOW, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, W. S. MIRO-SLAWSKI, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

In May, 1944, plaintiff in error was indicted in the criminal court of Cook county for robbery. The indictment contained two counts which were substantially the same, except that the second charged that plaintiff in error had previously been convicted of the crime of burglary and sentenced to a term in the penitentiary. On arraignment a plea of not guilty was entered which, by leave of court, was withdrawn and a motion made to quash the second count. The motion was overruled and another plea of not guilty entered. On a trial before the court without a jury, plaintiff in error was found guilty of robbery and of having been previously convicted of burglary. He was sentenced to the penitentiary for a period of twenty years. The cause has been brought to this court by writ of error.

The first ground urged for reversal is that the court erred in overruling the motion to quash the second count. The grounds stated in the motion are that the Habitual Criminal Act (Ill. Rev. Stat. 1945, chap. 38, par. 602,) is unconstitutional and, if its validity is sustained, that it has been repealed by the Parole Act of 1917 as amended. The specific objection is that the introduction of evidence to prove previous conviction took from plaintiff in error rights guaranteed by sections 9 and 10 of article II of

the constitution, and that he was denied due process of law.

Section 9 of article II of the constitution pertains to the rights that every accused has in the manner and method of the trial of the offense for which he stands charged, and section 10 protects him against self-incrimination and double jeopardy. The contentions made in respect to the several constitutional provisions invoked are so closely related that they may all be considered together.

Plaintiff in error's contentions are in part based on the erroneous theory that the Habitual Criminal Act, when applied to the offenses enumerated therein, creates a crime distinct from the principal offense for which the defendant stands charged. This court has repeatedly held that the act refers to punishment and does not state a new or independent offense. (*People* v. *Poppe,* 394 Ill. 216; *People* v. *Atkinson,* 376 Ill. 623; *Featherstone* v. *People,* 194 Ill. 325.) Courts of other jurisdictions have construed statutes similar to ours and applied the same principle. (*Graham* v. *West Virginia,* 224 U. S. 616, 32 Sup. Ct. 583, 56 L. ed. 917; *McDonald* v. *Massachusetts,* 180 U. S. 311, 21 Sup. Ct. 389, 45 L. ed. 542.) For other cases, see 58 A.L.R. 20, and annotations supplementary thereto.

To present an issue of fact as to whether the defendant had theretofore been convicted of one of the offenses enumerated in the act, the statute requires that the former conviction and judgment shall be set forth in apt words. The second section of the act (par. 603) provides that an authenticated copy of the record of former conviction may be used as evidence, and that the same shall be *prima facie* evidence of such fact. Without discussing the various rights preserved to an accused by the constitutional provisions invoked, it is sufficient to say that if the requirements of the statute are complied with, all rights of an accused which sections 9 and 10 preserve to him are safeguarded. Plaintiff in error contends the introduction of evidence of the former conviction on the trial of the

principal offense was so prejudicial to his rights of defense on the robbery charge that he was denied due process of law. Different methods of introducing the evidence of former conviction prevail in the different States. In cases such as *Graham* v. *West Virginia,* 224 U. S. 616, 32 Sup. Ct. 583, 56 L. ed. 917, the issue of former conviction was tried after the guilt on the principal charge had been established. The same rule prevails in some of the other jurisdictions. (See annotation 58 A.L.R. 108, and annotations supplementary thereto.) In other jurisdictions the procedure is as established in this State. No case has been called to our attention where it has been held that the introduction of evidence of a former conviction on the trial of the principal offense amounts to a denial of due process of law. It is conceivable that the introduction of such fact might influence a jury as to the character of the defendant and cause it to conclude that if he had been formerly convicted of a felony, there was a strong probability that he was guilty of the second offense. The requirements of the law as to the degree and character of proof required to establish the principal offense are not changed and the fact that evidence of the former conviction might create an adverse impression with the jury is not, in view of the requirements of the act, a denial of due process of law.

It is contended the Parole Act of 1917, as amended, has in effect repealed the Habitual Criminal Act. Plaintiff in error stresses the point that in sentencing a defendant to the penitentiary for an indeterminate term, the judgment of commitment is said to be a sentence for the maximum period. From this it is argued that if a sentence of a defendant for an indeterminate term is for the maximum period provided by law, then a sentence under the Parole Act for an indeterminate term is the same as a sentence under the Habitual Criminal Act. The construction placed on the Parole Act that a sentence for an indeterminate

period was a commitment for the maximum term was made in applying the provisions of the Parole Act. A part of the contentions now made was answered in *Featherstone* v. *People*, 194 Ill. 325, where it was held that the present act was not repealed by the enactment of the Parole Acts of 1895, 1897 and 1899. It has been held that one sentenced to the penitentiary under the Habitual Criminal Act is entitled to any benefits that may be derived by the application of the Parole Act to his case. There is nothing in the Parole Act of 1917 and the amendments thereto that purports to repeal any part of the Habitual Criminal Act or is in conflict with the object and purpose of that act.

Plaintiff in error argues that the provisions of the Habitual Criminal Act are used by the officers charged by law with the enforcement of the criminal laws to coerce one accused of crime into pleading guilty to the principal offense on the condition that there be no prosecution under the Habitual Criminal Act. The same argument was advanced in *People* v. *Hanke*, 389 Ill. 602, and determined adversely to plaintiff in error's contention.

The final contention is that plaintiff in error never pleaded to the second count after the motion to quash was overruled. The record discloses that leave was given to withdraw a plea of not guilty and that plaintiff thereupon moved to quash the second count. The motion was overruled and plaintiff in error was immediately arraigned. The transcript of proceedings shows that in the arraignment the clerk made inquiry of plaintiff in error as to his plea to the indictment "against you charging you with the crime of robbery, plain robbery." Defendant pleaded "Not Guilty." The judgment order as extended by the clerk, shows that plaintiff in error was furnished with a copy of the indictment and being duly arraigned stated that "for a plea in that behalf says that he is not guilty in manner and form as charged therein." It is claimed there is a discrepancy, as to what was included by the plea of not

guilty, between the transcript of proceedings and the judgment. Without determining whether such discrepancy appears or the effect of it, we find that the record as a whole shows plaintiff in error knew the second count contained the charge of prior conviction and that the defense offered was made with the knowledge that he was being tried on both counts. The contention is without merit.

The judgment is affirmed.

*Judgment affirmed.*