(No. 52147.—

THE PEOPLE *ex rel.* BERNARD CAREY, State's Attor-
ney, Petitioner, v. R. EUGENE PINCHAM, Judge, *et*
*al.*, Respondents.

*Order entered June 28, 1979.*

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Paul C. Gridelli, Assistant State's Attorneys, of counsel), for petitioner.

James J. Doherty, Public Defender, of Chicago (John T. Moran, Assistant Public Defender, of counsel), for respondents.

PER CURIAM: The defendant in a case pending in the circuit court of Cook County was charged in one count of an information with unlawful use of weapons by possession of a loaded handgun, a misdemeanor (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(10)), and in a second count with unlawful use of weapons, based upon the same possession, within 5 years following his release from the penitentiary on a felony charge. The second count charged the commission of a felony. (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(b).) Just prior to selection of a jury, the State moved to nol-pros the misdemeanor count and proceed on the felony count only. Counsel for the defendant objected and also objected to the jury being informed as to defendant's prior conviction and incarceration and to the admission of any evidence on these matters. Counsel offered to stipulate to the prior conviction and release from the penitentiary within 5 years. The trial judge then stated he would conduct a bifurcated trial in which the jury would first decide whether defendant possessed the

gun. If the jury returned a verdict of guilty, they would then hear evidence as to the prior conviction and incarceration. After some further proceedings the trial judge took the motion to nol-pros the misdemeanor count under advisement and incorporated the terms of the bifurcated trial in a formal order. The State moves for leave to file a petition for a writ of *mandamus* and prohibition to expunge that order and prohibit the bifurcated trial.

The decisions of this court have established that proof of the prior conviction is necessary to a conviction on the felony charge. (*People v. Edwards* (1976), 63 Ill. 2d 134; *People v. Ostrand* (1966), 35 Ill. 2d 520.) These decisions have been followed by the appellate court, and in *People v. Crawford* (1978), 59 Ill. App. 3d 211, the court held that where proof before the jury established only possession of a weapon, the conviction was for a misdemeanor only in spite of a stipulation out of the presence of the jury as to the defendant's prior conviction and incarceration. That court held that proof of the aggravating circumstances must come before the finding of guilt or innocence, which is consistent with the decisions of this court.

The order of the circuit court of Cook County deprived the State of the right to seek a felony conviction and was not authorized by statute or by case law. In the exercise of this court's supervisory jurisdiction the order of the circuit court of Cook County directing a bifurcated trial is vacated. Further proceedings in the trial court shall be in accordance with the terms of this order.

*Order vacated; cause remanded.*