THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v* LORETTA A. JACKSON, Defendant-Appellant.

Third District   No. 82—235

Opinion filed March 4, 1983.—Rehearing denied March 16, 1983.

HEIPLE, J., dissenting.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Loretta A. Jackson, was convicted in a bench trial of theft of property valued in excess of $150 and was sentenced to a 30-month term of probation. A condition of the defendant's probation was that she serve 26 weekends in the county jail.

The defendant appeals both her conviction and her sentence. She contends on appeal that her guilt was not proven beyond a reasonable doubt. In the alternative, the defendant contends that her sentence is improper due to a statutory change in the offense of which she was convicted. In light of the issues raised, a discussion of the facts is necessary.

The witness for the State, Imogene Wentz, was security manager for the Carson Pirie Scott & Company (hereafter Carsons) retail store in the Northwoods Mall in Peoria, Illinois. She was security manager on August 25, 1981, when the defendant allegedly removed merchandise belonging to Carsons from the store premises without purchasing the merchandise. The items taken by the defendant included five pairs of jeans and five ladies' tops.

Ms. Wentz testified that she observed the defendant take the escalator, alone, to the ready-to-wear department on Carsons' upper level. She watched the defendant, who was carrying a satchel type sack, go behind a rack of clothing. From a distance of four feet, Wentz observed five ladies' tops coming off the hangers on the rack. The defendant was visible to Wentz only from the chest up. When the defendant moved from behind the rack, the hangers were empty, the tops were not in sight, and the defendant's bag appeared fuller.

Ms. Wentz testified further that the defendant proceeded next to

the sportswear area. Wentz observed the defendant take five pairs of jeans off of their hangers and walk, with the jeans in her hands, behind a rack of clothing. Wentz saw the defendant moving behind the rack and heard sounds like the rattling of a sack. When the defendant left the jeans area, her sack appeared fuller. The defendant at no time approached a cash register.

Ms. Wentz observed the defendant leave the store and approach an escalator in the mall area. She stopped the defendant and identified herself as a Carsons' security employee. The defendant's daughter, Julie Jackson, joined the defendant and they accompanied Wentz to the security office. Wentz then opened the defendant's bag and found inside it five tops and five pairs of jeans. The defendant's daughter volunteered that she had taken the merchandise. Ms. Wentz' testimony on cross-examination as to how many bags the defendant carried was inconsistent with her direct testimony and her statements before the grand jury.

The defendant testified in her own behalf that she was approached by her daughter, Julie Jackson, as she reached the top of the escalator on Carsons' upper level. Her daughter gave the defendant a bag, said she would be "right back," and left the store. The defendant looked at some articles and then looked into the bag given to her by her daughter. She saw that the tags had not been removed from the items in the bag. The defendant left the store and called to her daughter, who returned to the defendant. As her daughter started back to her, the defendant was approached by Carsons' security people. The defendant and her daughter followed Wentz to the security office, where her daughter admitted that she, and not the defendant, had taken the merchandise.

Julie Jackson, the defendant's daughter, testified that she and a friend, Mary Beth Joos, accompanied the defendant to the Northwoods Mall. She and Mary Beth left the defendant and eventually entered the Carsons' store. There Julie Jackson took five pairs of jeans from various departments and five tops from the ladies' department. She placed the items in a bag. When she saw her mother at the escalator, Julie Jackson approached the defendant, gave the defendant her bag of merchandise, and told the defendant that she was going to look for her friend out in the mall. She was sitting in the mall area when she saw the defendant leave the store. When the security person approached the defendant, Julie returned to her mother. She accompanied the defendant to the security office and there told Ms. Wentz that she had taken the items.

Mary Beth Joos, Julie Jackson's friend, testified that she, Julie

and the defendant went to the Northwoods Mall. She and Julie separated from the defendant while in the mall. She accompanied Julie to the Carsons' store, but when Julie began to put merchandise into her bag without paying for it, she became frightened and left the store.

Five ladies' tops and five pairs of jeans were introduced into evidence as those taken from Carson Pirie Scott & Company by the defendant. Their value was $251.98.

■ The defendant argues that the State failed to prove her guilt beyond a reasonable doubt because the testimony of Imogene Wentz was not credible. However, in a bench trial it is the function of the trial court to determine the credibility of witnesses. (*People v. Walcher* (1969), 42 Ill. 2d 159, 246 N.E.2d 256.) A court of review will not set aside a verdict of guilty unless the evidence is so unreasonable or improbable as to cause doubt as to the guilt of the accused. *People v. Reese* (1973), 54 Ill. 2d 51, 294 N.E.2d 288.

In the case at bar, the trier of fact was presented with two conflicting sets of testimony. The trier of fact found the testimony of Imogene Wentz, the witness for the State, to be credible. After reviewing the record, we find that the testimony of Ms. Wentz is neither so improbable or unreasonable as to justify a reversal of the trial court. The defendant's conviction is therefore affirmed.

In the alternative, the defendant asserts that her sentence should be vacated because the statutory penalty for theft was favorably changed prior to her trial. The defendant was charged with theft on September 1, 1981, under section 16—1 of the Criminal Code of 1961, which provided that theft of property exceeding $150 is a Class 3 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(a)(1), (e)(3).) Effective January 1, 1982, the theft of property not exceeding $300 is a Class A misdemeanor. (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(1).) On April 2, 1982, the defendant was sentenced to the maximum term of probation for a Class 3 felony.

The defendant argues that the change in the theft statute is a mitigation in the penalty for a conviction of theft. Therefore, she should have been given an election as to which statute she wished to be sentenced under, as provided in section 4 of "An Act to revise the law in relation to the construction of the statutes." (Ill. Rev. Stat. 1979, ch. 1, par. 1103.) Section 4 provides that "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect."

■ In Illinois, when the duration of punishment depends upon the value of the property stolen, the value of the property is a material

element of the offense. (*People v. Harden* (1969), 42 Ill. 2d 301, 247 N.E.2d 404.) The defendant was convicted of theft of property exceeding $150. At the time she was charged, the value element of her charge made the offense a felony. The modification of the statute has altered the classification of offenses whose value element is not less than $150 and not more than $300 from a felony to a misdemeanor.

An analogous situation arose in *People v. Poll* (1979), 74 Ill. App. 3d 534, 393 N.E.2d 732, *aff'd in part, vacated in part on other grounds* (1980), 81 Ill. 2d 286, 408 N.E.2d 212. Poll was charged with armed violence, sections 8—4 and 33A—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, pars. 8—4, 33A—2). At that time, armed violence included armed violations of the aggravated assault statute, section 12—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—2). Aggravated assault, which was the basis for Poll's arrest for armed violence, was a misdemeanor while armed violence was a felony. Prior to Poll's sentencing, the armed violence statute was modified to eliminate misdemeanors, including aggravated assault. Poll contended on appeal that because aggravated assault was no longer a basis for a charge of armed violence, his conviction and sentence must be reduced from the felony armed violence to the misdemeanor aggravated assault. The court rejected this argument.

■■ The defendant in the instant case argues that because theft of property valued at more than $150, but not more than $300, is no longer a basis for a felony conviction for theft, that the conviction must be reduced from a felony theft to misdemeanor theft. Consistent with the decision in *Poll*, we reject the defendant's argument. It is an element of the offense which has been modified and which has resulted in a reclassification of the offense. The substantive law of theft was changed, not merely the sentencing provisions. (*People v. Primmer* (1983), 111 Ill. App. 3d 1046; *People v. Jimerson* (1982), 111 Ill. App. 3d 82; see also *People v. Gibson* (1976), 41 Ill. App. 3d 209, 354 N.E.2d 71: contra, *People v. Osborn* (1983), 111 Ill. App. 3d 1078.) There has been no mitigation in the penalty or punishment as required by section 4 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1979, ch. 1, par. 1103).

For the above reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT, J., concurs.

JUSTICE HEIPLE, dissenting:

I concur with that portion of the majority opinion which affirms the defendant's conviction for theft. However, I dissent from that portion of the opinion which affirms the sentence. The sentence imposed should be vacated and the cause remanded for resentencing.

Defendant, Loretta A. Jackson, shoplifted clothing from the Carson Pirie Scott & Company store on August 25, 1981. The items taken had a fair market value of $251.98. Her trial took place in February of 1982. She was convicted and subsequently sentenced to a 30-month term of probation with further condition that she serve 26 weekends in the county jail. The 30-month term of probation was the maximum period of probation for a Class 3 felony.

On January 1, 1982, the demarcation line between misdemeanor theft and felony theft was increased from $150 to $300. Ill. Rev. Stat. 1981, ch. 38, par. 16—1.

The law further provides that when penalties are mitigated by a new law, the defendant is entitled to claim the benefit of the lesser penalty. Ill. Rev. Stat. 1981, ch. 1, par. 1103.

The change in the law and its application to this case is the basis for my dissent.

The trial judge based his sentence on the law applicable on the date of the offense. Based on the amount taken, which exceeded $150, the law made the offense a Class 3 felony punishable by imprisonment for a determinate term of not less than two years and not more than five years. The maximum term of probation allowable for a Class 3 felony is 30 months. Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—2.

Prior to January 1, 1982, thefts not exceeding $150 were Class A misdemeanors punishable with imprisonment of less than one year or probation of not to exceed one year. After January 1, 1982, thefts not exceeding $300 were so punishable.

The judge was aware of the change in the law but did not apply the new law since he did not believe that it was applicable.

The People argue that the judge was correct since the change in the law related to a change in an element of the offense rather than the penalty. This position is one of pure semantics. Though endorsed by a majority of this court, it cannot survive analysis.

In the interest of clear thought, the first step is to discard the use of labels. In the instant case, this means setting aside the labels of Class A misdemeanor and Class 3 felony. That is to say, let us look to the thing itself, the facts of the case. Regardless of label, a rose is a rose.

On August 25, 1981, the defendant stole property valued at

$251.98. The then applicable law permitted imposition of a determinate sentence with a range of two to five years or of probation up to 30 months. In 1982, however, when the defendant was tried and sentenced, the penalty for theft of property valued at $251.98 was imprisonment for any term less than one year or probation not to exceed one year.

It is clear that for identical conduct, there is a material difference in exposure to sentencing under the old and the new law. Under the old law, the defendant was exposed to a maximum sentence of five years' imprisonment or 30 months' probation; under the new law, to imprisonment of less than one year or probation not to exceed one year.

As previously noted, the law provides that a defendant is entitled to claim the benefits of changes in the law which mitigate penalties. Since it is clear that the penalty was mitigated for the described conduct, it should be equally clear that the defendant was entitled to elect sentencing under the new law. She was not afforded that right. The 30-month period of probation that was imposed substantially exceed the maximum period of one year probation that was allowable under the new law.

Accordingly, the sentence in this case should be vacated and the cause should be remanded for resentencing as a Class A misdemeanor.