(No. 59703

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOSEPH PALMER *et al.*, Appellants.

*Opinion filed November 30, 1984.*

GOLDENHERSH and SIMON, JJ., dissenting.

James J. Doherty, Public Defender, of Chicago (Frank P. Madea, Assistant Public Defender, of counsel, and Barton T. Evins, law student), for appellants.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Michael E. Shabat, Joan S. Cherry and Jane E. Liechty, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MORAN delivered the opinion of the court:

Defendant Joseph Palmer was charged by information in Cook County with the felony offense of unlawful use of weapons under the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 24—1(a)(10), 24—1(b)). The information alleged that defendant committed the offense of unlawful use of weapons within five years of his release from the penitentiary for the felony offense of murder. Defendant waived his right to a jury, and the cause proceeded to a bench trial. During the State's opening remarks, the prosecutor commented on defendant's prior conviction. Defense counsel objected to evidence of defendant's prior felony conviction being introduced during the evidentiary stage of the trial. According to counsel, such information would likely prejudice the court against the defendant.

In response the trial judge noted that, if the case were being tried by a jury, he would in all likelihood preclude the State from introducing evidence before the jury regarding the defendant's prior conviction of a forceable felony. Under such circumstances, the court

stated that it would order a bifurcated proceeding wherein defendant's prior conviction could be proved during a separate proceeding accompanying sentencing, should the defendant be found guilty of unlawful use of weapons. However, since the proceeding was a bench trial, the judge expressed his belief that the court could hear evidence regarding the defendant's prior conviction during the evidentiary stage of the trial without prejudice to the defendant.

After the court's comments, but before the first witness was sworn, defendant indicated that he wished to withdraw his jury waiver and that he was unwilling to stipulate to his prior conviction. In line with its earlier comments, the court then ruled that it would not permit the State to prove defendant's prior conviction to the jury. Citing *People v. Hayes* (1981), 87 Ill. 2d 95, the court ruled that the State could establish the prior felony conviction during the sentencing hearing.

Similarly, defendant Kenneth Hollins was charged by indictment in Cook County with unlawful use of weapons within five years of a felony conviction. (Ill. Rev. Stat. 1981, ch. 38, pars. 24—1(a)(10), 24—1(b).) Prior to his trial, he filed a motion *in limine* which sought to exclude evidence of his prior burglary conviction from being presented to the jury. The defendant further requested that the court refrain from reading or otherwise bringing to the jury's attention references to the prior conviction contained in the indictment. The defendant also informed the court that he was willing to stipulate to his prior conviction outside the presence of the jury. Although the State objected, the court allowed defendant's motion, relying on *Hayes*.

The State filed interlocutory appeals from both these rulings under our Rule 604(a)(1), certifying that the orders, suppressing evidence of defendants' prior convictions, substantially impaired the State's ability to prose-

cute both cases as felonies. (87 Ill. 2d R. 604(a)(1); *People v. Young* (1980), 82 Ill. 2d 234.) The appellate court consolidated the two causes and reversed, with one justice dissenting. (120 Ill. App. 3d 707.) It found that evidence of defendants' prior felony convictions should be presented to the jury as an element of the felony offense of unlawful use of weapons. We granted defendants' petition for leave to appeal (87 Ill. 2d R. 315).

The sole question presented is whether evidence of defendants' alleged prior felony convictions must be presented to the jury as an element of the felony offense of unlawful use of weapons.

The statute in question provides in pertinent part:

"Sec. 24—1. Unlawful Use of Weapons.

(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(10) Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his own abode or fixed place of business, any pistol, revolver, stun gun or taser or other firearm.

\* \* \*

(b) Sentence.

A person convicted of a violation of \*\*\* Subsection (a)(10) \*\*\* commits a Class A misdemeanor \*\*\*. A person convicted of a felony under the laws of this or any other jurisdiction, who, within 5 years of release from penitentiary or within 5 years of conviction if penitentiary sentence has not been imposed, violates any Subsection of this Section commits a Class 3 felony." Ill. Rev. Stat. 1981, ch. 38, pars. 24—1(a)(10), 24—1(b).

Under the statute, the State, to secure a felony con-

viction for unlawful use of weapons, must not only prove a violation of section 24—1(a) but, under section 24—1(b), it must also prove that this violation occurred within five years of a defendant's prior felony conviction or within five years of defendant's release from the penitentiary for a prior felony conviction. Without this additional proof, the offense is a misdemeanor. Accordingly, this court has consistently held that it is necessary to allege *and prove* the prior felony conviction in order to establish the *felony* offense of unlawful use of weapons. *People v. Dixon* (1970), 46 Ill. 2d 502, 504; *People v. Owens* (1967), 37 Ill. 2d 131, 132; *People v. Ostrand* (1966), 35 Ill. 2d 520, 529 *overruled in part on other grounds* in *People v. Bracey* (1972), 51 Ill. 2d 514. See also *Spencer v. Texas* (1967), 385 U.S. 554, 566-67, 17 L. Ed. 2d 606, 615-16, 87 S. Ct. 648, 655 (allegation and proof of a prior conviction does not offend due process clause).

Further, in *People v. Edwards* (1976), 63 Ill. 2d 134, the court held that a jury could not find a defendant guilty of felonious unlawful use of weapons when it was instructed to consider the prior conviction only on the issue of defendant's credibility. Under such circumstances, the court affirmed the unlawful-use-of-weapons conviction as a misdemeanor only, and remanded the cause for a proper sentence. In reaching this conclusion the court observed that "[i]t is settled that the State must allege *and prove* a prior conviction to establish the commission of felonious unlawful use of a weapon." (Emphasis added.) (63 Ill. 2d 134, 138.) Although the State presented evidence of the defendant's prior conviction in *Edwards,* the jury was instructed to consider that evidence only on the issue of defendant's credibility. Since the prior conviction was *"an element of the offense which must be proved by the State"* and the jury was precluded from considering it as such, the court found that the ver-

dict was insufficient to support the felony offense. (Emphasis added.) 63 Ill. 2d 134, 140-41.

Thereafter, in *People ex rel. Carey v. Pincham* (1979), 76 Ill. 2d 478, this court was called upon to consider whether the circuit court had authority to order a bifurcated trial in a prosecution for felonious unlawful use of weapons. In that case, as in the case at bar, counsel for the defendant objected to the jury being informed as to defendant's prior conviction and incarceration, as well as to the admission of any evidence on these matters. Under the trial court's order, the jury was to initially decide whether defendant violated section 24–1(a)(10). If the jury returned a verdict of guilty, it would then hear evidence as to the defendant's prior conviction pursuant to section 24–1(b). This court vacated the order of the circuit court, holding that it deprived the State of the right to seek a felony conviction. (*People ex rel. Carey v. Pincham* (1979), 76 Ill. 2d 478, 480.) As the court stated, "The decisions of this court have established that *proof of the prior conviction is necessary to a conviction of the felony charge.*" (Emphasis added.) (76 Ill. 2d 478, 480.) The court also found that proof of the prior conviction, required under section 24–1(b), must come before a finding of guilt or innocence pursuant to section 24–1(a)(10) if a felony conviction is to be obtained.

Our decisions in *Edwards* and *Pincham* are dispositive of the issue involved herein. In fact, the defendants concede that the above-cited authorities have held that the State must prove the prior conviction before the jury in order to secure a felony conviction for unlawful use of weapons. Nonetheless, the defendants contend that this court's subsequent decision in *Hayes*, a retail theft case relied upon here by the trial court, impliedly overruled those earlier cases to the extent that *Hayes* seems to conflict with them.

It is fundamental, however, that the precedential

scope of a decision is limited to the facts before the court. (*People v. Flatt* (1980), 82 Ill. 2d 250, 261; *People v. Beard* (1974), 59 Ill. 2d 220, 225, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999; *People v. Arndt* (1971), 49 Ill. 2d 530, 533; *People v. Morales* (1971), 48 Ill. 2d 396, 400.) In *Hayes,* this court responded to the narrow issue of whether it was necessary, in a prosecution for felonious retail theft, to allege in the body of the indictment or information that the offense charged was a second or subsequent offense of retail theft. (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10(2).) In concluding that such an allegation was not necessary, this court relied upon the facts of that case. Specifically, the court noted: (1) that the defendant had been advised at her first appearance before the court that the State sought to invoke the felony provision of the statute (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10(2)); (2) that the prior conviction had been stipulated to at trial; and (3) that defendant had shown no prejudice as the result of the State's failure to allege the prior retail theft conviction in the information. (*People v. Hayes* (1981), 87 Ill. 2d 95, 98.) Consequently, because the defendant had notice and was not prejudiced by the omission of the allegation from the information, this court affirmed the defendant's conviction, which had been enhanced to a Class 4 felony as a result of a previous retail theft conviction (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10(2)).

In the instant case, the defendants seek to rely upon *dicta* in *Hayes* for the proposition that the prior felony is not an element of the felony offense of unlawful use of weapons. According to the defendants, the provisions of the retail theft statute applicable in *Hayes*  (Ill. Rev. Stat. 1979, ch. 38, pars. 16A—3(a), 16A—10(2)) and the provisions of the unlawful-use-of-weapons statute applicable in the present case (Ill. Rev. Stat. 1981, ch. 38, pars. 24—1(a)(10), 24—1(b)) are similar, since under both

statutes the enhancement provision is contained in a separate subsection which deals with sentencing. On this basis, defendants contend that the prior felony is not an element of the offense but merely relates to the severity of the penalty to be imposed. Therefore, they submit that the prior conviction may properly be proved during sentencing, as opposed to during the evidentiary stage of the trial. In support of their argument, the defendants direct our attention to the following passage in *Hayes*, wherein it was stated:

> "We are not unaware of the differences between the result of conviction of a felony and a misdemeanor. *** We do not, however, find any sound reason to hold that because the prior conviction elevates the degree of the offense from a misdemeanor to a felony it should be necessary, at the risk of prejudice to the accused, that it be alleged in the information and proved.

> We hold that in order to invoke the provisions of section 16A—10(2) the sentencing court must find beyond a reasonable doubt, after notice to the accused and an opportunity to refute the allegation, that the accused was in fact convicted of a prior offense of retail theft and that the record supports that finding." 87 Ill. 2d 95, 98.

Although the above quotation seems, at first reading, to conflict with this court's reasoning in *Ostrand* and *Owens,* we cannot agree with the defendant's conclusion that under *Hayes* the prior felony need not be proved at trial. The aforesaid language of that opinion must be interpreted within the factual circumstances presented in that case. The defendant in *Hayes* was claiming prejudice as a result of *the State's failure to include* an allegation that the pending charge was a second or subsequent offense. She was not claiming that the allegation and proof of the prior conviction *should have been excluded* as prejudicial, as did the defendants in *Ostrand* and *Owens.* Therefore, the issue of whether prejudice results when the State alleges and proves the prior con-

viction was not presented in *Hayes*. Accordingly, any comment the court made regarding that issue is properly characterized as *dicta*, which is not binding authority within the rule of *stare decisis*. (*Williams v. Crickman* (1980), 81 Ill. 2d 105, 113.) Thus *Hayes* holds only that, where a defendant has notice that she is being tried as a felon, a felony conviction for retail theft can be sustained despite the State's failure to allege in the information that the offense charged was a second or subsequent offense of retail theft. (*People v. Hayes* (1981), 87 Ill. 2d 95, 98.) As such, *Hayes* did not overrule *Ostrand* or subsequent cases based thereon.

Further, we are not persuaded by defendants' efforts to liken section 24—1(b) of the unlawful-use-of-weapons statute (Ill. Rev. Stat. 1981, ch. 38, par. 24—1) to either the extended-term provision of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2) or the Habitual Criminal Act (Ill. Rev. Stat. 1981, ch. 38, par. 33B—1 *et seq.*). Both of those provisions deal exclusively with sentencing and are designed to enhance the penalty for offenses which are felonies. They do not change the nature of an offense from a misdemeanor to a felony as does section 24—1(b).

Moreover, although the Habitual Criminal Act specifically provides that a prior conviction shall not be alleged in the indictment, or proved at trial (Ill. Rev. Stat. 1981, ch. 38, par. 33B—2(a)), such requirements are not constitutionally mandated. (See *Spencer v. Texas* (1967), 385 U.S. 554, 565-66, 17 L. Ed. 2d 606, 615, 87 S. Ct. 648, 654.) Clearly, if the legislature had intended section 24—1(b) to operate in a similar manner it could have so provided. Instead, the legislature has reenacted and amended the unlawful-use-of-weapons statute numerous times since this court's decision in *Pincham* without proscribing evidence of the prior conviction until sentencing. (See, *e.g.*, Ill. Rev. Stat. 1981, ch. 38, par. 24—1,

amended by Pub. Act 82—119 sec. 1, eff. Jan. 1, 1982; Pub. Act 82—317 sec. 1, eff. Aug. 21, 1981; Pub. Act 82—343 sec. 1, eff. Jan. 1, 1982; Pub. Act 82—538 sec. 1, eff. Jan. 1, 1982; Ill. Rev. Stat., 1983 Supp., ch. 38, par. 24—1, amended by Pub. Act 82—783, art. III, sec. 19, eff. July 13, 1982, 1982 Ill. Laws 221, 274, Ill. Rev. Stat. 1983, ch. 38, par. 24—1, amended by Pub. Act 82—783, art. III, sec. 19, eff. July 13, 1982, 1982 Ill. Laws 221, 274, and Ill. Rev. Stat., 1983 Supp., ch. 38, par. 24—1, amended by Pub. Act 83—1056 sec. 1, eff. July 1, 1984.) Since the legislature is presumed to know the construction given this statute by the court, its reenactment is presumed to be an adoption of this court's prior judicial construction. *Williams v. Crickman* (1980), 81 Ill. 2d 105, 111.

Most recently, the legislature has deleted, from section 24—1(b), the language which stated that a violation of any subsection of the statute by a recent felon constituted a Class 3 felony. (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 24—1, amended by Pub. Act 83—1056 sec. 1, eff. July 1, 1984.) At the same time, the legislature created a separate offense entitled "Unlawful Use of Weapons by Felons." (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 24—1.1.) Under this new provision, the requirement that the offender be a felon is contained in subsection (a), along with all other elements of the offense. Subsection (b) merely provides that a violation of subsection (a) is a Class 3 felony. Although not applicable to the case at bar, we find that this subsequent legislation evidences the legislature's approval of this court's prior judicial construction.

We therefore reaffirm the soundness of the *Ostrand* line of cases, which have held that the prior conviction is an element of the crime and must be proved before the trier of fact, prior to a finding of guilt or innocence, in order to obtain a felony conviction for unlawful use of

weapons. *People ex rel. Carey v. Pincham* (1979), 76 Ill. 2d 478; *People v. Edwards* (1976), 63 Ill. 2d 134.

For the foregoing reasons we affirm the judgment of the appellate court and remand both causes to the circuit court of Cook County for further proceedings consistent with the views expressed herein.

*Affirmed and remanded.*

JUSTICE GOLDENHERSH, dissenting:

I dissent. The majority opinion rests on the proposition that "this court has consistently held that it is necessary to allege *and prove* the prior felony conviction in order to establish the *felony* offense of unlawful use of weapons." (104 Ill. 2d at 344.) This, in turn, rests on the theory that the prior conviction was an element of the offense which must be alleged in the indictment or information and proved. This theory will not withstand scrutiny. An examination of the authorities demonstrates that it is based on a misinterpretation of certain opinions dealing with the Habitual Criminal Act (Ill. Rev. Stat. 1955, ch. 38, par. 602).

As authority for its erroneous statement the majority cites and relies on *People v. Dixon* (1970), 46 Ill. 2d 502, *People v. Owens* (1967), 37 Ill. 2d 131, and *People v. Ostrand* (1966), 35 Ill. 2d 520. *Dixon* and *Owens* rely on *Ostrand* and need not be further discussed. In *Ostrand*, in discussing the contention that the circuit court erroneously admitted evidence of the prior conviction of a felony within five years of the date of the offense in question, the court said:

> "Under such circumstances, it was not only proper to allow the allegation and proof of a prior felony conviction, but it was necessary in order to prove defendant's commission of the felony of carrying a concealed weapon." (35 Ill. 2d 520, 529.)

In support of this statement the *Ostrand* court cited

*People v. Booker* (1966), 34 Ill. 2d 16. *Booker* presented only the issue of whether evidence of the prior crime was constitutionally permissible under the Habitual Criminal Act (Ill. Rev. Stat. 1955, ch. 38, par. 602) and did not involve the question whether a prior conviction was a necessary element of the offense. *Booker* contains *dicta* to the effect that, in order to apply the provisions of the Habitual Criminal Act to offenses committed before July 1, 1957, and impose the increased punishment, it was necessary for the indictment to charge conviction of a prior offense and to offer proof thereof. As authority for the *dicta, Booker* cites *People v. Lamphear* (1955), 6 Ill. 2d 346, and *People v. Lawrence* (1945), 390 Ill. 499.

*People v. Lawrence* involved the validity of the Habitual Criminal Act and provided that an individual who had been convicted of certain enumerated offenses, upon being subsequently convicted, was to be sentenced to specified terms "provided that such former conviction, or convictions, and judgment or judgments shall be set forth in apt words in the indictment" (Ill. Rev. Stat. 1955, ch. 38, par. 602).

In *Lawrence* the court cited *People v. Atkinson* (1941), 376 Ill. 624. In *Atkinson* the court said:

> "The Habitual Criminal act does not create a new or independent crime. It merely prescribes circumstances wherein one found guilty of a specific crime may be more severely penalized because of a previous conviction. The punishment is for the new crime only, but the penalty is made heavier by statute because the defendant is an habitual criminal. *The prior conviction is no ingredient of the main offense charged but is merely a matter of aggravation going solely to the punishment to be imposed.* (Emphasis added.)" (376 Ill. 624, 625.)

It clearly appears that the court specifically disclaimed that the prior conviction was an element of the later of-

fense.

A recent decision of this court is consistent with *Atkinson.* In *People v. Jackson* (1984), 99 Ill. 2d 476, the defendant was indicted for theft for shoplifting clothing. She moved to have the allegations concerning the value of the stolen property stricken from the indictment. The motion was denied and defendant was convicted. The appellate court affirmed, holding that the value of the property stolen which determines whether the offense is a misdemeanor or a felony is a necessary element of the offense. This court, in affirming the conviction but vacating the felony penalty, stated:

> "We believe the appellate court erred in holding that value is an essential element of the offense of theft (112 Ill. App. 3d 908, 912). Section 16—1 defines only one offense of theft. Variations of the factual circumstances under which control over property of the owner is obtained are enumerated in sections 16—1(a) through (d). Value of property taken is mentioned only in subsection (e), titled 'sentence,' which applies to all of the variations. Value determines only whether the theft will be punished as a felony or as a misdemeanor. Value has nothing to do with the decision whether a theft has occurred." 99 Ill. 2d 476, 478-79.

Here, too, the statute creates only one offense, and whether defendants were released from the penitentiary or convicted of a felony within five years has nothing to do with the offense of unlawful use of weapons. The provision concerning the commission of the offense within five years of a prior felony conviction or release from the penitentiary is contained in a separate section of the statute (section 24—1(b)); it determines the sentence and not whether an unlawful use of weapons has occurred.

In *People v. Lamphear* (1955), 6 Ill. 2d 346, the court, in speaking of the practice of alleging and proving the prior conviction, said:

> "In *People v. Manning*, 397 Ill. 358, this court did ex-

press misgiving as to the procedure established in section 602, stating at page 361: 'It is conceivable that the introduction of such fact [the prior conviction] might influence a jury as to the character of the defendant and cause it to conclude that if he had been formerly convicted of a felony, there was a strong probability that he was guilty of the second offense. The requirements of the law as to the degree and character of proof required to establish the principal offense are not changed and the fact that evidence of the former conviction might create an adverse impression with the jury is not, in view of the requirements of the act, a denial of due process of law.' It is reasonably apparent that the evidence of the prior conviction, properly related only to the matter of punishment, might affect the jury's determination of guilt or innocence." 6 Ill. 2d 346, 350.

At the time of the *Lamphear* decision the statute provided for enhancing certain sentences by reason of prior convictions "provided that such former conviction, or convictions, and judgment or judgments shall be set forth in apt words in the indictment." Ill. Rev. Stat. 1955, ch. 38, par. 602.

The Illinois Habitual Criminal Act, approved April 11, 1957 (Ill. Rev. Stat. 1957, ch. 38, par. 603.1 *et seq.*), provided for similar enhancement. It also provided:

"(a) A former conviction of a felony shall not be alleged in the indictment, and no evidence or other disclosure of such conviction shall be presented to the court or the jury during the trial of the principal offense unless otherwise permitted by the issues properly raised in such trial. ***" (Ill. Rev. Stat. 1957, ch. 38, par. 603.3.)

It provided for a hearing before the court after a finding of guilty. The present Habitual Criminal Act (Ill. Rev. Stat. 1983, ch. 38, par. 33B—2) contains a similar provision and provides for a hearing following conviction in which the court determines the issue of prior conviction. There appears to be no reason why the same rule should not be applicable to the present situation.

The contention that the prior conviction becomes an element of the subsequent offense because it enhances the offense from a misdemeanor to a felony is untenable. The effect of the procedure approved by the majority opinion is to unduly prejudice a defendant charged with the offense of unlawful use of weapons. I would reverse the judgment of the appellate court and remand the cause to the circuit court for trial.

JUSTICE SIMON joins in this dissent.