SECOND DIVISION
May 12, 2008

1-06-1928

No. 1-06-1928

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 05 CR 23128 |
| | ) | |
| CALVIN ALLEN, | ) | Honorable |
| | ) | James R. Epstein, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

Following a jury trial, defendant Calvin Allen was convicted of unlawful use of a weapon by a felon (UUW) (720 ILCS 5/24-1.1(a) (West 2004)) and was sentenced to nine years' imprisonment. Defendant now appeals and argues that section 24-1.1(a) of the Criminal Code of 1961 (720 ILCS 5/24-1.1(a) (West 2004)) is unconstitutional because it requires the State to prove his felon status as an element of the offense thereby depriving him of procedural due process and violating the equal protection clause of the United States and Illinois Constitutions. For the following reasons, we affirm the judgment of the trial court.

BACKGROUND

Defendant was charged by way of information with three counts of aggravated unlawful use of a weapon and two counts of unlawful use of a weapon by a felon.

Prior to trial, the parties agreed to stipulate, for the purpose of establishing the prior felony conviction element of UUW by a felon, that defendant had previously been convicted of a felony. After entering into the stipulation, defendant requested that the jury not be told of his felony conviction because it was prejudicial. Defendant also requested that the jury only be made aware of his prior felony conviction if the jury first found him guilty of unlawful use of a weapon. Defendant argued that the elements of the offense could be stipulated to by the parties so that they did not come to the knowledge of the jury. The trial court denied defendant's request. The State nol-prossed all counts against defendant except one count of UUW by a felon.

The testimony at trial established that Officers Rico Gonzalez and Officer Satjit Singh were driving south on Pulaski Avenue, in Chicago, when they saw a car in front of them with a "mostly missing rear window." The officers effectuated a stop. As the officers approached the car, they saw defendant, the driver, throw a black object toward the left foot of the front-seat passenger. The officers asked defendant for a driver's license and proof of insurance. When defendant could not produce either, Officer Singh placed him in custody. As defendant was being taken into custody, the front-seat passenger moved her left foot and revealed a gun where Officer Gonzalez had previously seen defendant throw a black object. Officer Gonzalez recovered the gun. After defendant was given his *Miranda* rights, Officer Gonzalez asked defendant about

2

the gun and defendant replied, "The gun is mine."

At the close of the State's case, defendant made a motion for a directed verdict, which the court denied. The defense rested and the State read the stipulation into the record stating, "There's a stipulation by and between the parties, the People of the State of Illinois, my partner and I, on behalf of [defendant], his attorneys, that on September 20[th], 2005, [defendant] had been previously convicted of a felony." Following deliberations, the jury found defendant guilty of UUW by a felon.

Defendant filed a motion for a new trial. At the hearing on that motion, defendant argued that a stipulation regarding a defendant's prior conviction should be read outside the presence of the jury and that the new Supreme Court Rule 451(g) (210 Ill. 2d R. 451(g)), which was enacted after defendant's trial took place, allowed for a bifurcated trial when the State sought an enhanced sentence based on aggravating factors. The State responded that Supreme Court Rule 451(g) was not in effect at the time of defendant's trial. Furthermore, the State argued that it did not seek an extended-term sentence so Supreme Court Rule 451(g) did not apply. In granting defendant's motion for a new trial, the court noted that it was troubled by the practice of bringing a defendant's prior conviction to a jury's attention when it was not used for impeachment purposes.

The State filed a motion for reconsideration. At a hearing on the motion, the State argued that defendant's prior conviction was an element of the offense. When the trial court denied the State's motion to reconsider, the State filed a motion for a supervisory order in the Illinois Supreme Court. The Illinois Supreme Court issued a

3

supervisory order granting the State's motion and directing the circuit court to vacate its order allowing defendant's motion for a new and bifurcated trial, and to enter an order denying defendant's motion. People ex rel. Richard A. Devine v. James R. Epstein, No. 102537 (June 8, 2006). Subsequently, the trial court vacated the order granting defendant a new trial and sentenced him to nine years' imprisonment.

ANALYSIS

Defendant first agues that section 24-1.1(a) of the Criminal Code of 1961 (720 ILCS 5/24-1.1(a) (West 2004)), which makes a prior felony conviction an element of the offense of UUW by a felon, denies him procedural due process, because knowledge by a jury of his status as a convicted felon is inherently prejudicial and denies him a fair trial. The State maintains that defendant's status as a convicted felon is an element of the offense that must be proven to a jury beyond a reasonable doubt.

Section 24-1.1(a) reads:

"It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any jurisdiction." 720 ILCS 5/24-1.1(a) (West 2004).

We begin by presuming that the statute in question here is constitutional. People v. Miller, 171 Ill. 2d 330, 333 (1996). A court should construe a statute so as to uphold its constitutionality and validity if reasonably possible. People v. Malchow, 193

4

Ill. 2d 413, 418 (2000). As a result of this presumption, the party challenging the constitutionality of a statute bears the burden of demonstrating that a constitutional violation exists. *People v. Lantz,* 186 Ill. 2d 243, 254 (1999). Whether a statute is constitutional is reviewed *de novo. Malchow,* 193 Ill. 2d at 418.

In support of his contention that section 24-1.1(a) violates procedural due process, defendant relies on *People v. Walker*, 211 Ill. 2d 317 (2004). In *Walker*, the defendant was charged with unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1 (West 2000)). *Walker*, 211 Ill. 2d at 320. Prior to trial, defense counsel made a motion to stipulate that defendant had a prior felony conviction. The State objected to the motion to stipulate because the defendant's felon status was an element of the offense charged. During trial, the State, over defendant's objection, introduced a certified copy of conviction showing that the defendant had previously been convicted of the offense of unlawful possession of a controlled substance with the intent to deliver. Defendant was convicted. This court found that the admission of evidence of the name and nature of the defendant's prior conviction was reversible error and remanded for a new trial. *Walker,* 211 Ill. 2d at 327.

Before our supreme court, the State argued that the this court incorrectly determined that the trial court abused its discretion when it allowed the State to present evidence of the name and nature of the defendant's prior conviction for purposes of proving defendant's felon status, when a stipulation was available. *Walker,* 211 Ill. 2d at 328. In resolving this issue, our supreme court looked to the United States Supreme Court decision in *Old Chief v. United States*, 519 U.S. 172, 136 L. Ed. 2d 574, 117 S.

5

Ct. 644 (1997).

In *Old Chief*, the defendant was charged with, among other offenses, possession of a firearm by a felon in violation of 18 U.S.C. §922(g)(1) (2000). Prior to trial, the defense offered to stipulate that the defendant had previously been convicted of a felony to prevent the jury from hearing that he had previously been convicted of assault causing serious bodily injury. The defendant argued that his offer to stipulate rendered the name and nature of his prior conviction inadmissible under Federal Rule of Evidence 403. Rule 403 allows a court to exclude evidence that is otherwise relevant when its probative value is outweighed by its prejudicial effect. *Old Chief*, 519 U.S. at 180-81, 136 L. E. 2d at 588, 117 S. Ct. at 650. The assistant United States Attorney rejected the defendant's offer to stipulate and the district court allowed the government to introduce the name and nature of the defendant's prior conviction.

The Supreme Court granted *certiorari*. The *Old Chief* Court acknowledged that the name and nature of a defendant's prior felony conviction are relevant evidence. *Old Chief*, 519 U.S. at 179, 136 L. Ed. 2d at 587, 117 S. Ct. at 649. However, the Court found that in situations where the government is only required to prove that the defendant is a convicted felon, the name and nature of the defendant's prior conviction are needless surplusage, have no probative value and present a high risk of unfair prejudice. *Old Chief*, 519 U.S. at 186, 136 L. Ed. 2d at 591, 117 S. Ct. at 653. The name and nature of the prior conviction should be excluded in favor of the admission of a stipulation. *Old Chief*, 519 U.S. at 186, 136 L. Ed. 2d at 591, 117 S. Ct. at 653. The *Old Chief* Court limited its holding to those situations where proving felon status was the

only purpose for admitting prior conviction evidence.

Relying on the holding in *Old Chief* for guidance, the *Walker* court concluded:

"[W]hen proving felon status is the only purpose for admitting evidence of a defendant's prior convictions, and the defendant offers to stipulate or admit to his prior felon status, a trial court abuses its discretion when it admits the defendant's record of conviction, thus informing the jury of the name and nature of the defendant's prior convictions." *Walker,* 211 Ill. 2d at 338.

Contrary to defendant's argument here, neither *Old Chief* nor *Walker* precluded the inclusion of defendant's prior conviction as an element of an offense. Both *Old Chief* and *Walker* suggested that in cases where a defendant's felon status is an element of the offense, a stipulation to the prior felony conviction is the least prejudicial means of introducing the evidence. In the case at bar, the parties complied with the holding in *Old Chief* and *Walker* when defense counsel and the State agreed upon a stipulation that defendant "had been previously convicted of a felony." Unlike *Walker*, in reading this stipulation to the jury, the State never offered the name or nature of defendant's prior conviction. "[T]he defendant's admission or stipulation is conclusive evidence of felon status which presents little or no risk of unfair prejudice." *Walker*, 211 Ill. 2d at 338. In accordance with the holding in *Walker*, we find that defendant was not denied due process when the trial court accepted the stipulation of the parties that defendant had previously been convicted of a felony for purposes of establishing an element of the offense of UUW by a felon.

Defendant next embarks on a lengthy discussion of the differences between

7

elements of an offense and sentencing factors and urges us to change "Illinois procedure with the defendant's prior conviction being treated as a sentencing factor rather than an element of the case."

The essential elements of the offense of UUW by a felon are: (1) the knowing possession of a firearm; and (2) a prior felony conviction. *People v. Gonzalez*, 151 Ill. 2d 79, 85 (1992); 720 ILCS 5/24-1.1(a) (West 2004). The primary rule of statutory construction is to give effect to the intent of the legislature. *People v. Jurisec*, 199 Ill. 2d 108, 118 (2002). In doing so, we must look to the language used in the statute itself and give it its plain and ordinary meaning. *People v. Pomykala*, 203 Ill. 2d 198, 207 (2003). If a statute is unambiguous, we must enforce it as enacted and may not depart from the language by creating exceptions, limitations or conditions not expressed by the legislature. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). A plain reading of section 24-1.1(a) reveals that, despite defendant's argument to the contrary, "[t]he fact that the offender must be a convicted felon is merely an element of the crime, it is not an 'enhancement' provision." *Gonzalez,* 151 Ill. 2d at 88; see also *People v. Jackson*, 269 Ill. App. 3d 851, 855 (1995). We find no reason to depart from existing Illinois law.

Defendant next claims that the recent enactment of Supreme Court Rule 451(g) is a clear indication of the court's desire to provide persons charged with serious offenses with greater protection where enhanced sentencing factors exist. Rule 451(g) states in relevant part:

"(g) Proceedings When an Enhanced Sentence is Sought. When the death penalty is not being sought and the State intends, for the purpose of

8

sentencing, to rely on one or more sentencing enhancement factors which are subject to the notice and proof requirements of section 111-3(c-5) of the Code of Criminal Procedure, the court may, within its discretion, conduct a unitary trial through verdict o n the issue of guilt and on the issue of whether a sentencing enhancement factor exists. The court may also, within its discretion, upon motion of a party, conduct a bifurcated trial. In deciding whether to conduct such a bifurcated trial, the court must first hold a pretrial hearing to determine if proof of the sentencing enhancement factor is not relevant to the question of guilt or if undue prejudice outweighs the factor's probative value." 210 Ill. 2d R. 451(g).

Supreme Court Rule 451(g) is inapplicable to the facts of the instant case for two reasons. First, Rule 451(g) was not effective until July 1, 2006, several days after defendant was convicted in this case. Second, Rule 451(g) only applies to situations where an "enhanced sentence" is imposed under section 111-3(c-5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c-5) (West 2004)) and does not apply to situations where the legislature has made certain facts elements of the offense. As previously stated, the legislature has chosen to make a prior felony conviction an element of the offense of UUW by a felon (720 ILCS 5/24-1.1(a) (West 2004)), and therefore a bifurcated trial in this case is unnecessary.

Further support for our conclusion is found in *People ex rel. Carey v. Pincham*, 76 Ill. 2d 478, 479 (1979). In *Pincham*, the defendant was charged with unlawful use of a weapon within five years following his release from the penitentiary on a felony charge. The trial court ordered a bifurcated trial where the jury would only hear of the

9

defendant's prior felony conviction if it first found that the defendant possessed the gun. *Pincham*, 76 Ill. 2d at 479. On appeal, our supreme court, citing *People v. Crawford*, 59 Ill. App. 3d 211 (1978), found that a bifurcated trial was improper because "proof of the aggravating circumstances must come before the finding of guilt or innocence." *Pincham*, 76 Ill. 2d at 480. A bifurcated trial is not necessary to protect a defendant's right to a fair trial when a defendant's prior felony conviction is an element of the offense. *Pincham,* 76 Ill. 2d at 480.

Defendant also argues that it is unfairly prejudicial that his prior felony conviction constitutes an element of the offense. However, in enacting section 24-1.1, the legislature intended to keep weapons out of the hands of felons, whom they have deemed to create an increased danger to the public. *Gonzalez*, 151 Ill. 2d at 87. It is a "crime for a felon to possess *any* firearm, in *any* situation." (Emphasis in original.) *Gonzalez*, 151 Ill. 2d at 87. A statute is to be interpreted and applied in the manner in which it was written, when permissible to do so under the constitution. Jackson, 269 Ill. App. 3d at 857.

Defendant next argues that section 24-1.1(a) of the Criminal Code of 1961 (720 ILCS 5/24-1.1(a) (West 2004)) violates the equal protection clauses of the United States and Illinois Constitutions because it treats defendants charged with unlawful use of a weapon by a felon differently than defendants with prior convictions who are charged with other felonies.

Equal protection requires that similarly situated individuals will be treated in a

10

similar manner. *People v. Reed*, 148 Ill. 2d 1, 7 (1992). The equal protection clauses of the United States and Illinois Constitutions do not deny the State the power to draw lines that treat different classes of people differently, but prohibits the State from according unequal treatment to persons placed by a statute into different classes for reasons wholly unrelated to the purpose of the legislation. *People v. Shepard*, 152 Ill. 2d 489, 499 (1992). A court uses the same analysis in assessing equal protection claims under both the state and federal constitutions. *Reed,* 148 Ill. 2d at 7.

When analyzing legislation under equal protection, the level of scrutiny to be applied depends of the type of legislative classification at issue. Classifications based on race or national origin or affecting fundamental rights are strictly scrutinized. *McLean v. Department of Revenue*, 184 Ill. 2d 341, 354 (1998). Strict scrutiny analysis requires an examination of whether the means used by the legislature is necessary to achieve a compelling state interest and whether the statute is narrowly tailored to accomplish that goal. *People v. Cornelius*, 213 Ill. 2d 178, 204 (2004). Rational basis review is employed when the legislative classification does not implicate a suspect classification or a fundamental right. *Shepard*, 152 Ill. 2d at 500. Under the rational basis test, the challenged statute must bear a rational relationship to the purpose the legislature intended to achieve by enacting it. *Shepard*, 152 Ill. 2d at 500.

Although defendant concedes that felons are not a "suspect" class, he nevertheless contends that section 24-1.1(a) is subject to strict scrutiny because it allows the jury to hear prejudicial evidence of a prior conviction at trial thereby

implicating his fundamental right to a fair trial. The defendant asserts that the legislature does not have a compelling interest for admitting evidence of a defendant's prior conviction at trial. Rather, defendant suggests that evidence of a prior conviction should be a factor considered at sentencing.

We are, of course, bound to accept the general grant of a jury trial for serious offenses in the sixth amendment as a fundamental right. *Duncan v. Louisiana*, 391 U.S. 145, 20 L. E. 2d 491, 88 S. Ct. 1444 (1968). However, it is clear that under existing case law, a right to a fair trial is not implicated by the allegation and proof, by stipulation, of a prior conviction to a jury to establish an element of an offense. See *Old Chief*, 519 U.S. at 186, 136 L. Ed. 2d at 591, 117 S. Ct. at 653 (defendant's right to a fair trial is implicated when the jury is informed of the name and nature of his prior conviction); *Walker,* 211 Ill. 2d at 339 (a defendant's stipulation is conclusive evidence of felon status which presents little or no risk of unfair prejudice); *People v. Jackson*, 269 Ill. App. 3d 851 (1995) (trial court erred when it allowed defendant to stipulate to a prior conviction outside the presence of the jury for purposes of establishing felon status for UUW by a felon thereby impairing State's ability to prosecute).

As defendant acquiesces, convicted felons are not a suspect class. "[E]qual protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class." *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312, 49 L. E. 2d 520, 524, 96 S. Ct. 2562, 2566

(1976).

Accordingly, the proper analysis we are to employ here is the rational basis test.

Under the rational basis test, a statutory classification need only bear a rational relationship to a legitimate state goal. *Reed*, 148 Ill. 2d at 7-8. More specifically, we are charged with determining " ' whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare. ' " *People v. Bradley*, 79 Ill. 2d 410, 417 (1980), quoting *Heimgaertner v. Benjamin Electric Manufacturing Co.*, 6 Ill. 2d 152, 159 (1955). Only if the statute withstands this test can it be upheld. *Reed,* 148 Ill. 2d at 7-8.

Section 24-1.1(a) treats similarly situated classes of felons equally. In *Jackson*, the court found that with respect to section 24-1.1, "[i]t is constitutional to classify and distinguish felons in the context of firearm possession. The State has a legitimate public safety purpose in keeping firearms from convicted felons. [Citations.]" *Jackson*, 269 Ill. App. 3d at 856-57. The *Jackson* court went on to find state that "Section 24-1.1 bears a rational relationship to this goal by deterring possession by felons, and thus the statute meets constitutional requirements. [Citations.]" *Jackson*, 269 Ill. App. 3d at 857, citing *People v. McGee*, 165 Ill App. 3d 833, 840 (1987), *People v. Crawford*, 145 Ill. App. 3d 318, 321-22 (1986). Defendant has not provided a compelling reason for us to depart from the holding in *Jackson*. Accordingly, we find that pursuant to *Jackson*, section 24-1.1(a) does not violate the equal protection clause.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

1-06-1928

HOFFMAN, P.J., and SOUTH, J., concur.

1-06-1928

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

CALVIN ALLEN,

Defendant-Appellant.

No. 1-06-1928

Appellate Court of Illinois
First District, Second Division

May 13, 2008

JUSTICE KARNEZIS delivered the opinion of the court.

HOFFMAN, P.J., and SOUTH, J., concur.

Appeal from the Circuit Court of Cook County.

The Honorable James R. Epstein, Judge Presiding.

For APPELLANT: Edwin A. Burnette, Public Defender of Cook County, of Chicago
(Evelyn G. Baniewicz, of counsel).

For APPELLEE: Richard A. Devine, State's Attorney, County of Cook, of Chicago
(James E. Fitzgerald, Alan J. Spellberg, Justin Goldfarb, of counsel)