(No. 33366.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEVI LONG, Plaintiff in Error.

*Opinion filed January 21, 1955.*

NAYLOR & AUSTIN, of Carthage, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and PRESTON W. KIMBALL, State's Attorney, of Carthage, (FRED G. LEACH, and GEORGE W. SCHWANER, JR., of counsel,) for the People.

Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

By this writ of error the plaintiff in error, Levi Long, referred to herein as the defendant, seeks a reversal of the judgment of the Appellate Court, Third District, affirming a judgment of the county court of Hancock County finding him guilty of the offense of driving a motor vehicle while under the influence of intoxicating liquor. The information filed in the trial court alleged that the violation of the statute occurred on July 12, 1952. It also alleged that defendant was convicted of the same offense in the same county on April 14, 1951. A jury returned a verdict of guilty, and the court then sentenced defendant to imprisonment at the Illinois State Farm at Vandalia for six months and imposed a fine of $100. In a prior hearing upon writ of error to the county court, we decided that no fairly debatable constitutional question was involved and transferred the cause to the Appellate Court. *People v. Long,* 415 Ill. 599.

The first assignment of error relates to the order of the trial court overruling a motion to quash the information. One of the grounds alleged in the motion to quash was that defendant had not been afforded a preliminary hearing in justice court, particularly as required by section 7 of division VI of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 660); that by reason thereof his constitutional rights had been violated and he had been deprived of due process of law. We have already decided in our prior opinion that this contention involves no constitutional issues but presents at most a question as to whether there had been compliances with pertinent statutory provisions. *People* v. *Long,* 415 Ill. 599, 601.

The evidence adduced at the hearing on the motion to quash shows that defendant was arrested by deputy sheriffs without a warrant on Saturday, July 12, 1952, at about 10:30 P.M. He was taken immediately before a justice of the peace whose office was in the county jail building at Carthage. There a sworn complaint in writing was made by one of the arresting officers and filed with the magistrate. Defendant's bail was fixed and on his failure to furnish it, he was lodged in jail. On the day following, Sunday, one of the attorneys who represents defendant on this appeal, and also represented him at the trial in county court and in the Appellate Court proceedings, appeared at the magistrate's office and made inquiry concerning bondsmen. The same counsel appeared with a bondsman on the following day, and bail was furnished. While he was in the magistrate's office, defendant's counsel called the State's Attorney on the telephone and asked him about further proceedings. The State's Attorney stated that the cause would be taken into county court on information, but that the county judge was out of town and would not return until July 21, and he suggested that defendant be brought into county court on that date. Defendant's attorney then indicated that July 22 would be a better date for various rea-

sons, and it was agreed that defendant would appear in county court on July 22, 1952, whereupon the justice then continued the cause in his court to the same date. On July 22, defendant appeared in county court with two attorneys, one who had represented him when bail was furnished and another who is shown by the record to be the other's partner in the practice of law. Both counsel have represented defendant in all subsequent proceedings. On July 22, defendant was arraigned upon the information filed by the State's Attorney in county court and furnished bail there. He did not appear in the magistrate's court. Thereafter the State's Attorney dismissed the complaint in justice court and released the bond given for appearance there. At no time did defendant or either of his attorneys demand a hearing upon the complaint filed in the court of the magistrate.

Section 7 of division VI of the Criminal Code provides that "When an arrest is made without a warrant, either by an officer or a private person, the person arrested shall, without unnecessary delay, be taken before the nearest magistrate in the county, who will hear the case, for examination, and the prisoner shall be examined and dealt with as in cases of arrests upon warrant." The record shows compliance with the statute. After his arrest, defendant was immediately taken before the magistrate. He does not dispute this fact, but contends no hearing was held. The testimony of the justice shows that when defendant was brought into court both the officer and defendant were sworn and examined. The officer then made a sworn complaint, which was reduced to writing, signed and filed in the presence of the defendant. The testimony shows that defendant admitted he had been drinking but asked that he not be charged with drunken driving as he would lose his job. None of these facts were denied by defendant on the hearing on the motion to quash.

It is suggested, however, that the testimony of the magis-

trate loses its force because his docket shows no record of such a hearing, and the bond was given for further appearance in that court. Police magistrates and justices of the peace are not courts of record. The fact that the docket may omit some procedural details cannot be taken as conclusive proof that the procedure was not followed. In this case the docket does show the appearance of the defendant and the filing of the complaint on the date in question. The taking of a bond for further appearance in justice court and continuing the cause there to the same date as the date of agreed appearance in county court was done by agreement with defense counsel and was largely for the convenience of the defendant.

After being released on bail, defendant never again appeared in the justice court, though his cause there had been continued to July 22. Instead, he appeared in county court on that date, as his counsel had agreed, and furnished bail. This was done without defendant's having been arrested on any process issued out of the county court, which clearly indicates that his appearance there was the result of arrangements made between counsel on July 14. No objection was made that there had been no hearing in justice court until after the cause there had been dismissed. So far as the particular offense was concerned, the magistrate's court was one of limited jurisdiction. It had no final jurisdiction to hear and adjudicate the charge. On the other hand, the county court is a court having general jurisdiction of the offense and the power to decide the guilt or innocence of the accused. Once the information had been filed in county court, the justice before whom the complaint had been filed on the same state of facts lost all jurisdiction to proceed, and any further hearing in that court would have been useless and a nullity. Defendant, having voluntarily appeared in response to an information filed in a court having general jurisdiction of the alleged offense while a complaint before a court having only limited

jurisdiction was pending, cannot now complain that there was no hearing in the court of limited jurisdiction. The fact, if it was the fact, that no hearing had been held in justice court could not operate to deprive the county court of jurisdiction either of the person of the defendant or the subject matter of the cause.

The information was further assailed on the ground that it alleged a prior conviction of the same offense; that the statute under which the information was filed does not require or provide that the former conviction be alleged; and that the allegation of such conviction prevented defendant from having a fair and impartial trial because it had nothing to do with the offense with which defendant was presently charged.

The prosecution, in the absence of specific statutory direction, followed the procedure authorized under the Habitual Criminal Act, namely, the prior offense was alleged in the information and proof thereof was established by the records of the county court. We are fully aware of the hazards inherent in permitting evidence of prior conviction for the same offense to be introduced at the trial of a subsequent one. In *People* v. *Lund*, 382 Ill. 213, this court observed that an accused is likely to be prejudiced if in the course of his trial, the proof indicates that the defendant has been previously found guilty of a similar offense. In *People* v. *Lawrence*, 390 Ill. 508, this court indicated that the only available protection against such hazard of prejudice was that they be given an instruction that proof of a former offense should not be taken into consideration as proof of a current offense. Realistically considered, this is hardly adequate. In a few States provision is made whereby the two issues, former offense and present guilt, can be tried separately thus obviating the possibility of prejudice where the two issues are determined in one proceeding. 58 A.L.R. 52.

Unless controlled by statute, it is generally held that

in order to subject an accused to the enhanced punishment for a second or subsequent offense, or as an habitual criminal, it is necessary to allege in the indictment the fact of the prior conviction. (82 A.L.R. 366.) In *People* v. *Boykin,* 298 Ill. 11, this court had before it an information charging pandering under a statute that provided for an increased penalty for a second offense. At page 21 this language appears: "Every fact necessary to sustain a sentence imposed by a court in a criminal case must be alleged in the information or in the indictment, and an indictment under which it is sought to impose a higher penalty by reason of a previous conviction must allege the fact of such conviction." If the State seeks to impose an increased minimum penalty by virtue of a former conviction, it is not only necessary that such previous conviction be alleged, but it must be sustained by the proof. The prosecution has no alternative under the law as it now exists in this State but to present to the same jury the record of the defendant's previous conviction as well as proof to sustain the recent charge.

All errors assigned and argued here as a basis for reversal were considered by the Appellate Court. We concur in their careful analysis and disposition of all questions. In particular do we add censure for the State's Attorney's unfair conduct, but conclude just as the Appellate tribunal, that the defendant's guilt was clearly demonstrated and the guilty verdict would have followed—that misconduct notwithstanding.

The judgment of the Appellate Court, Third District, affirming the judgment of the county court of Hancock County, is affirmed.

*Judgment affirmed.*