(text box: 1)
 NO. 5-00-0392

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  Washington County.

)

v. )  No. 99-CF-81

)

CHAD LANDRUM, )  Honorable

)  Lloyd A. Karmeier,

     Defendant-Appellant. )  Judge, presiding.

________________________________________________________________________

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Chad Landrum (defendant) entered an open plea of guilty to one count of obstructing justice (720 ILCS 5/31(4)(a) (West 1998)).  He was sentenced to an extended, five-year term of imprisonment, which was to run consecutively to sentences he was already serving.  Following a hearing on a motion to reconsider sentence, his sentence was modified to an extended, four-year term of imprisonment, which was still to run consecutively.  Defendant raises two issues on appeal: (1) whether his extended-term sentence of imprisonment must be vacated and a non-extended-term sentence imposed because the extended term violates due process and (2) whether the discretionary consecutive-sentencing provision of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(b) (West 1998)) violates the rights of a defendant to due process and a trial by jury.  We affirm.

Defendant argues that because the extended-term statute does not provide for notice to the defendant, a jury deliberation of the qualifying facts, or proof beyond a reasonable doubt of the qualifying facts, the imposition of an extended term is unconstitutional under 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and he is entitled to a new sentencing hearing.  In 
Apprendi
 the United States Supreme Court held the sentencing under a New Jersey hate-crime statute unconstitutional because it commissioned judges to make a factual finding that enhanced their power to punish beyond the maximum penalties prescribed for any given criminal offense.  

In 
Apprendi
, the Court recognized that it is permissible for judges to exercise discretion in imposing a sentence within the range prescribed by statute, based on a consideration of factors related both to the offense and to the offender.  
Apprendi
, 530 U.S. at 481, 147 L. Ed. 2d at 449, 120 S. Ct. at 2358.  If, however, the defendant faces more severe punishment than the statutory maximum he would receive if punished according to the facts reflected in the jury verdict alone, he must be given notice in the indictment, and the facts that increased the penalty for the crime, other than a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.    

Section 5-8-2(a) of the Code (730 ILCS 5/5-8-2(a) (West 1998)), read together with section 5-5-3.2(b)(1) of the Code (730 ILCS 5/5-5-3.2(b)(1) (West 1998)), provides that the court may sentence a defendant to an extended term of imprisonment when a defendant is convicted of any felony after having been previously convicted of the same, a similar, or a greater class felony, when the latter conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of a different series of acts.  Defendant argues that because the extended-term statute includes qualifying facts beyond the mere fact of the prior conviction, the imposition of an extended sentence under it is unconstitutional.  Defendant claims that the State should be required to prove to a jury beyond a reasonable doubt that his prior conviction occurred within 10 years of the current conviction, that the charges were separately brought and tried, and that the charges arise out of a different series of acts.  

Apprendi
 held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime
 beyond the prescribed statutory maximum
 must be submitted to a jury[] and proved beyond a reasonable doubt."  (Emphasis added.)  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.  The extended-term sentence at issue here is based upon the fact of a prior conviction.  Thus, it appears that 
Apprendi
 explicitly refutes the argument defendant proposes.

Defendant seizes upon 
dicta
 in the 
Apprendi
 opinion wherein the Court, in reviewing the history of sentencing factors versus facts traditionally considered elements of an offense, took note of its prior decision in 
Almendarez-Torres v. United States
, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998), and noted that it may have been incorrectly decided in view of its current analysis.  In 
Almendarez-Torres
, the Court held that an indictment must set forth each element of a crime that is charged but that it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime.  
Almendarez-Torres
, 523 U.S. at 228, 140 L. Ed. 2d 350, 118 S. Ct. at 1223.  Noting that recidivism is likely the most traditional basis for a sentencing court's decision to increase an offender's sentence, the Court refused to make recidivism an element of the offense that required its allegation in an indictment and its proof beyond a reasonable doubt, even though the prior conviction triggered an increase in the 
maximum permissive sentence
.  
Almendarez-Torres
, 523 U.S. at 244, 140 L. Ed. 2d 350, 118 S. Ct. at 1231.

The Supreme Court continued to adhere to this position in the case that next preceded 
Apprendi
, 
Jones v. United States
, 526 U.S. 227, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (1999).  In 
Jones
, the Court expanded on the rationale for its holding in 
Almendarez-Torres
, noting that recidivism carries with it unique characteristics that ensure its constitutional trustworthiness: "[U]nlike virtually any other consideration used to enlarge the possible penalty for an offense, and certainly unlike the factor before us in this case, a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees."  
Jones
, 526 U.S. at 249, 143 L. Ed. 2d 311, 119 S. Ct. at 1227.  

The Supreme Court has not overruled or abandoned 
Almendarez-Torres
, and in apparent recognition of this fact, the 
Apprendi
 Court specifically excluded the consideration of prior convictions from the rule of law it announced.  Accordingly, the First District has already applied the recidivism exception in 
People v. Lathon
, 317 Ill. App. 3d 573, 740 N.E.2d 377 (2000).   

In 
Lathon
, the defendant was convicted of attempted residential burglary and received a mandatory sentencing enhancement based on prior felony convictions.  
Lathon
 held that when a defendant’s punishment is increased based on prior convictions, the prior convictions need not be alleged in the charging document, submitted to the jury, or proven beyond a reasonable doubt because the prior convictions were obtained as the result of proceedings that provided procedural safeguards, the prior convictions were not an essential element of the underlying offense, and the prior convictions were unrelated to the commission of the offense.  
Lathon
, 317 Ill. App. 3d at 588, 740 N.E.2d at 387.  

The only true factual inquiry involved in section 5-5-3.2(b)(1) is whether the defendant has a prior conviction.  In the case at bar, defendant's prior conviction is not an essential element of the underlying offense and is unrelated to the commission of the offense.  Thus, the imposition of an extended term, under section 5-5-3.2(b)(1), is not unconstitutional and is excluded from the general rule announced in 
Apprendi
.  Defendant's four-year, extended-term sentence is therefore affirmed.

Defendant next argues that the imposition of a discretionary consecutive sentence under section 5-8-4(b) of the Code (730 ILCS 5/5-8-4(b) (West 1998)) violates his rights to due process and a trial by jury.  Section 5-8-4(b) allows courts the discretion to impose consecutive sentences in certain situations if the court believes such a sentence is required to protect the public from further criminal conduct by the defendant.  Citing 
Apprendi
, defendant argues that any legislative scheme that removes from the jury the determination of a fact that, if found, increases the range of penalties beyond that dictated by the facts reflected in the jury verdict alone violates the defendant's rights to due process, notice, and a trial by jury.  
Apprendi
, 530 U.S. at 483-84, 147 L. Ed. 2d at 450-51, 120 S. Ct. at 2359.  Defendant argues that because the statute as applied did not require that he be given notice in the indictment of the facts qualifying him for consecutive sentencing or that the facts be determined by a jury upon proof beyond a reasonable doubt, his consecutive sentence must be vacated and the sentence must be ordered to be served concurrently.  

The State argues that 
Apprendi
 does not apply to consecutive-sentencing situations under section 5-8-4(b) of the Code and that the considerations addressed in 
Apprendi
 are not the same as the considerations of a trial judge who is applying section 5-8-4(b).  Several appellate decisions have addressed the issue of consecutive sentencing under section 5-8-4(a) of the Code (730 ILCS 5/5-8-4(a) (West 1998)) in light of 
Apprendi
.  Although there has been a conflict among the appellate court districts, that conflict has now been resolved.  Recently, the Illinois Supreme Court addressed the constitutionality of consecutive sentences pursuant to section 5-8-4(b) of the Code.  
People v. Wagener
, No. 88843 (June 1, 2001).  

In 
Wagener
, after a bench trial, the defendant was found guilty but mentally ill of both first-degree murder and concealment of a homicidal death.  The trial court imposed consecutive sentences on the defendant pursuant to section 5-8-4(b), based on a finding that consecutive sentences were required to protect the public from the defendant.  The defendant was sentenced to consecutive prison sentences of 50 years for his murder conviction and 5 years for his conviction of concealment of a homicidal death.  The appellate court affirmed, and the Illinois Supreme Court granted the defendant leave to appeal.  In a supplemental briefing, the defendant argued, relying on 
Apprendi
,  that his sentence should be vacated because a consecutive sentence under  section 5-8-4(b) of the Code is unconstitutional.  The court affirmed the defendant's convictions and sentence.  
Wagener
, slip op. at 16.

In 
Wagener
, the court noted that 
Apprendi
 explicitly disclaimed any holding regarding consecutive sentencing and that decisions holding that consecutive sentencing triggers 
Apprendi
 concerns extend 
Apprendi
 beyond its facts.  
Wagener
, slip op. at 13-14.  The court concluded that sentences which run consecutively to each other are not transmuted into a single sentence and that 
Apprendi
 concerns are not implicated by consecutive sentencing. 
Wagener
, slip op. at 14-15. 

In view of the supreme court's decision in
 Wagener
, we affirm the trial court's sentencing of defendant to an extended term of four years' imprisonment to be served consecutively to sentences already imposed.

Affirmed.

HOPKINS and RARICK, JJ., concur.

                                      NO. 5-00-0392

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  Washington County.

)

v. )  No. 99-CF-81

)

CHAD LANDRUM, )  Honorable

)  Lloyd A. Karmeier,

     Defendant-Appellant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: July 20, 2001

___________________________________________________________________________________

Justices
: Honorable Charles W. Chapman, P.J.

Honorable Terrence J. Hopkins, J., and

Honorable Philip J. Rarick, J.,

Concur

___________________________________________________________________________________

Attorneys
 Daniel M. Kirwan, Deputy Defender, Edwin J. Anderson, Assistant Defender, Office

for
 of the State Appellate Defender, Fifth Judicial District, Route 15 East, P.O. Box

Appellant
 2430, Mt. Vernon, IL 62864-0047

___________________________________________________________________________________

Attorneys
 Hon. Brian Trentman, State's Attorney, Washington County Courthouse, Nashville,

for
 IL 62263; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Patrick

Appellee
 D. Daly, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, Route

15 East, P.O. Box 2249, Mt. Vernon, IL 62864

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 07/20/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.