THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL PITTMAN, Defendant-Appellant.

First District (4th Division)   No. 1—00—2224

Opinion filed November 8, 2001.—Rehearing denied December 5, 2001.—Modified opinion filed December 13, 2001.

Michael J. Pelletier and Michael H. Orenstein, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Susan M. Caraher, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

Following a jury trial, the defendant, Michael Pittman, was convicted of two counts of armed robbery. The trial court imposed concurrent extended-term sentences of 50 years. This court affirmed the defendant's convictions and sentences on direct appeal. *People v. Pittman*, 126 Ill. App. 3d 586, 467 N.E.2d 918 (1984). On May 1, 2000, the defendant filed a *pro se* petition[1] seeking postconviction or *habeas corpus* relief in which he raised several allegations not at issue in the instant appeal. On June 9, 2000, the trial court summarily dismissed the defendant's petition, finding that the postconviction petition was frivolous and patently without merit and that the *habeas corpus* petition also lacked merit. The defendant appeals from that dismissal order.

On appeal, the defendant has abandoned the substantive claims raised in his *pro se* petition of May 1, 2000. Instead he argues that he is entitled to postconviction and *habeas corpus* relief because sections 5—5—3.2(b)(1) and 5—8—2 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2), pursuant to which his extended-term sentences were imposed, violate the United States and Illinois Constitutions in that they, when applied in conjunction, permit the imposition of a sentence beyond the statutorily prescribed maximum upon the finding of facts not submitted to the jury for proof beyond a reasonable doubt. In support of his argument, the defendant relies on *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000), where the United States Supreme Court held that, under the due process clause and the jury trial guarantee of the United States Constitution, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." We need not resolve the parties' dispute as to whether the rule announced in

---

[1]Prior to filing the petition at issue in the instant case, the defendant had filed two other postconviction petitions in the circuit court of Cook County and a *habeas corpus* petition in the United States District Court for the Northern District of Illinois, all of which were unsuccessful.

*Apprendi* applies in collateral proceedings because the sentencing provisions at issue do not violate either the United States or Illinois Constitution.

■ Sections 5—5—3.2(b)(1) and 5—8—2, applied in conjunction, authorized the imposition of an extended-term sentence where a defendant was convicted of a felony after having been convicted of the same or greater class felony in Illinois within the previous 10 years upon charges separately brought and tried. Ill. Rev. Stat. 1981, ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2. As stated above, the *Apprendi* Court clearly exempted prior convictions from the category of sentence enhancing facts which must be submitted to a jury for proof beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. For this reason, this court has already rejected, on a number of occasions, the argument that sections 5—5—3.2(b)(1) and 5—8—2[2] (730 ILCS 5/5—5—3.2(b)(1), 5—8—2 (West 1998)), the current codifications of section 5—5—3.2(b)(1) and 5—8—2 (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2), applied in conjunction, violate the United States Constitution. See *People v. Landrum*, 323 Ill. App. 3d 664, 666-67, 755 N.E.2d 18 (2001); *People v. Garry*, 323 Ill. App. 3d 292, 300-01, 752 N.E.2d 1244 (2001); *People v. Childress*, 321 Ill. App. 3d 13, 26-27, 746 N.E.2d 783 (2001). We find no need to analyze the issue further and again reject the argument.

The defendant also argues, however, that the imposition of an extended-term sentence pursuant to sections 5—5—3.2(b)(1) and 5—8—2 violated his right to a jury trial under the Illinois Constitution. We disagree.

■ Illinois courts generally, though not in all circumstances, apply United States Supreme Court decisions interpreting federal constitutional provisions when interpreting *similar* provisions contained in the Illinois Constitution. *People v. Levin*, 157 Ill. 2d 138, 159, 623 N.E.2d 317 (1993). In *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 214, 533 N.E.2d 873 (1988), though, our supreme court held that "as to the jury trial issue, there is a difference in the language of our State constitution from that of the Federal Constitution, and the difference is one of substance and not merely one of form."

■ The right to a trial by jury is discussed in two places in the Illinois Constitution. Article I, section 8, provides that "[i]n criminal

---

[2]Section 5—8—2 of the Unified Code of Corrections was amended effective February 23, 2001, and now provides that a trier of fact must find the existence of a section 5—5—3.2(b) factor beyond a reasonable doubt before an extended-term sentence can be imposed. The cases cited involved the pre-amendment version of section 5—8—2.

prosecutions, the accused shall have the right \*\*\* to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed." Ill. Const. 1970, art. I, § 8. The defendant in the instant case, however, relies not upon that provision but upon article I, section 13, which provides that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate." Ill. Const. 1970, art. I, § 13. The Illinois Constitution of 1870 contains this same language. Ill. Const. 1870, art. II, § 5. The Illinois Constitutions of 1818 and 1848 both provide that the right of trial by jury shall remain inviolate but do not contain the "as heretofore enjoyed" language. Ill. Const. 1818, art. VIII, § 6; Ill. Const. 1848, art. XIII, § 6. As our supreme court explained in *Sinopoli v. Chicago Rys. Co.*, 316 Ill. 609, 616, 147 N.E. 487 (1925), decided before the adoption of the 1970 Constitution:

"The right of trial by jury is not defined in either constitution. The provision in each means the same thing, which is the right of trial by jury as it existed at common law and was enjoyed at the adoption of the respective constitutions."

Accordingly, the right afforded by article I, section 13, of the Illinois Constitution of 1970 is "the common law right to jury trial *as enjoyed at the time of the adoption of the 1970 constitution.*" (Emphasis in original.) *Joyce*, 126 Ill. 2d at 215. Speaking of this common law right to a jury trial which is embodied in our constitution, our supreme court has held:

"The essential thing in the right of trial by jury is the right to have the facts in controversy determined under the direction and superintendence of a judge by twelve impartial jurors having the qualifications and selected in the manner required by law, whose verdict must be unanimous and shall be conclusive, subject to the right of the judge to set it aside if in his opinion it is against the law or the evidence and to grant a new trial." *Sinopoli*, 316 Ill. at 619-20.

The defendant argues that the existence of a prior conviction, when it is to be used to enhance a sentence, is a fact in controversy which must be decided by a jury. In support of his contention, the defendant cites *People v. Boykin*, 298 Ill. 11, 131 N.E. 133 (1921), and *People v. Long*, 4 Ill. 2d 598, 123 N.E.2d 718 (1955). In both *Boykin* and *Long*, our supreme court held that, where the State sought the imposition of an increased penalty on the basis of a prior conviction, the prior conviction had to be pled in the information and proved at trial. *Boykin*, 298 Ill. 2d at 21; *Long*, 4 Ill. 2d at 603-04.

*Boykin* is factually distinguishable from the instant case. In *Boykin*, the statute defining the offense with which the defendant was

charged provided that a first offense was a misdemeanor while a second offense was a felony. *Boykin*, 298 Ill. at 17-21. Such a statute, which elevates the class of an offense from a misdemeanor to a felony, is distinguishable from the statutory provisions at issue here, which merely enhance the sentence on a felony offense. See *People v. Palmer*, 104 Ill. 2d 340, 348, 472 N.E.2d 795 (1984).

In *Long*, the court rejected the defendant's argument that he was denied a fair trial because the State, which sought to enhance his sentence based upon a prior conviction, alleged the prior conviction in the indictment and introduced evidence of the conviction at trial. Citing *Boykin*, the court held the State was required to do so in order to seek the enhanced sentence. *Long*, 4 Ill. 2d at 603-04. However, neither the *Boykin* court nor the *Long* court cited the Illinois Constitution in general or the jury trial guarantee of article I, section 13, specifically as the source of this rule. Furthermore, the *Long* court stated that "[u]nless controlled by statute," it is the general rule that a prior conviction used to enhance the defendant's sentence must be alleged in the indictment. *Long*, 4 Ill. 2d at 603. Such language suggests the rule could be altered by statute and is not constitutionally based.

■ Despite the fact that substantive differences exist between the federal and Illinois constitutional provisions providing the right to a jury trial, we find persuasive the United States Supreme Court's reasoning in carving out an exception whereby prior convictions used to enhance a sentence need not be proven beyond a reasonable doubt before a jury. The *Apprendi* Court noted that a defendant's prior conviction does not relate to the commission of the offense with which he stands charged and that the prior conviction is the result of proceedings in which the defendant had the right to a trial by jury and the State was required to establish his guilt beyond a reasonable doubt. *Apprendi*, 530 U.S. at 496, 147 L. Ed. 2d at 458-59, 120 S. Ct. at 2366. We find that these safeguards "mitigate constitutional concerns regarding defendant's due process rights and jury trial guarantees." *People v. Lathon*, 317 Ill. App. 3d 573, 587, 740 N.E.2d 377 (2000). Notably, this court, citing such safeguards, has already rejected the argument that section 5—5—3(c)(8) of the Code, which mandates the imposition of a Class X sentence for a Class 1 or 2 felony based upon prior convictions under certain circumstances, violates a defendant's due process rights under the Illinois Constitution. *People v. Dixon*, 319 Ill. App. 3d 881, 886, 747 N.E.2d 1 (2001); see also *People v. Jones*, 322 Ill. App. 3d 236, 243, 749 N.E.2d 466 (2001). For these reasons, we conclude that the imposition of concurrent extended-term sentences did not violate the defendant's right to a jury trial pursuant to the Illinois Constitution.

302

As the defendant's claims with regard to his extended term sentences lack merit, and because he has raised no other arguments addressing the propriety of the dismissal of his petition for postconviction or *habeas corpus* relief, we affirm the judgment of the circuit court.

Affirmed.

HARTMAN and THEIS, JJ., concur.