THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYRELLIS D. WRIGHT, Defendant-Appellant.

Second District   Nos. 2—00—0670, 2—01—0190 cons.

Opinion filed May 8, 2002.

G. Joseph Weller, Robert J. Agostinelli and Kenneth D. Brown, all of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

In 1995 defendant, Tyrellis D. Wright, was indicted on two counts of first-degree murder (see 720 ILCS 5/9—1(a)(1), (a)(2) (West 1994)). The State sought to prove that defendant, who was angry at the victim, Ami Faro, for interfering with his relationship with a girlfriend, lured the victim to a building where his grandmother lived and thereafter strangled the victim and bludgeoned her to death with a fire extinguisher. In 1997 a jury convicted defendant of committing the offense. At the sentencing hearing, the trial court found that the murder was accompanied by brutal and heinous behavior indicative of wanton cruelty, and it imposed an extended-term sentence of 85 years' imprisonment. On direct appeal, this court affirmed defendant's conviction and sentence. See *People v. Wright*, No. 2—97—0444 (June 24, 1999) (unpublished order under Supreme Court Rule 23). Our supreme court denied defendant's petition for leave to appeal. See *People v. Wright*, 185 Ill. 2d 664 (1999).

In February 2000 defendant, through counsel, filed a postconviction petition pursuant to the Illinois Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2000)); defendant later, and again through counsel, filed an amended postconviction petition and a

second amended postconviction petition. The trial court summarily dismissed defendant's second amended postconviction petition as patently without merit, and defendant filed a timely notice of appeal.

In November 2000 defendant *pro se* filed a petition for postconviction relief, alleging that the trial court's imposition of his 85-year sentence violated the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). In January 2001 the trial court found that *Apprendi* did not apply retroactively to proceedings brought pursuant to the Act and dismissed defendant's petition. Defendant filed a timely notice of appeal. On defendant's motion we have consolidated these appeals, and we now affirm.

In case No. 2—00—0670, defendant raises two issues: whether his due process rights were violated when the trial court ruled on the merits of his petition without providing defense counsel notice or an opportunity to argue the claims, and whether the trial court erred in summarily dismissing the ineffective assistance of counsel claim against his trial counsel. In case No. 2—01—0190, defendant presents the issue of whether his extended-term sentence violates the principles announced in *Apprendi*.

■ The Act provides a mechanism by which criminal defendants can assert that their convictions were the result of a substantial denial of their constitutional rights. See 725 ILCS 5/122—1 *et seq.* (West 2000). In a postconviction proceeding, the trial court does not redetermine a defendant's innocence or guilt but instead examines constitutional issues that escaped earlier review. *People v. Rogers*, 197 Ill. 2d 216, 221 (2001), citing *People v. Evans*, 186 Ill. 2d 83, 89 (1999). A postconviction petition is a collateral attack upon a prior conviction and sentence and not a substitute for or an addendum to a direct appeal. *Rogers*, 197 Ill. 2d at 221, citing *People v. West*, 187 Ill. 2d 418, 425 (1999). The petitioner in a postconviction hearing is not entitled to an evidentiary hearing as of right. *People v. Hobley*, 182 Ill. 2d 404, 427-28 (1998). To be entitled to postconviction relief, the petitioner bears the burden of establishing a substantial deprivation of federal or state constitutional rights. *People v. King*, 192 Ill. 2d 189, 192 (2000). The purpose of the proceeding is to resolve allegations that constitutional violations occurred at trial, when those allegations have not been, and could not have been, adjudicated previously. *King*, 192 Ill. 2d at 192-93. Consequently, any issues that were decided on direct appeal are barred by *res judicata*; any issues that could have been raised on direct appeal are forfeited. *Rogers*, 197 Ill. 2d at 221, citing *West*, 187 Ill. 2d at 425. Our standard of review of a trial court's dismissal of a postconviction petition without an evidentiary hearing is *de novo*. *People v. Fair*, 193 Ill. 2d 256, 260 (2000), citing *People v. Coleman*, 183 Ill. 2d 366, 387-89 (1998).

In the present case, defendant contends that he was denied notice and an opportunity to argue his claims when the trial court summarily dismissed his petition. Defendant argues that, because he was represented by counsel, his petition had effectively advanced to the second stage. See 725 ILCS 5/122—4 (West 2000). Defendant further argues that, when the trial court granted defense counsel's motion for leave to amend the postconviction petition, the trial court treated the proceedings as having advanced to the second stage, that is, the stage at which counsel is allowed to file an amended petition. See 725 ILCS 5/122—5 (West 2000). Defendant's arguments lack merit.

Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place. 725 ILCS 5/122—1(b) (West 2000). In the present case, defendant, through counsel, filed a petition for postconviction relief on February 10, 2000. Defendant's argument seems to propound the rule that, because he was represented by counsel, the first-stage proceedings were nonexistent and second-stage proceedings commenced at the time counsel initially filed the postconviction petition. We find no authority in the Act or in the record to confirm defendant's claim. The Act provides that, if the petition is not dismissed as frivolous or patently without merit and defendant, because of indigency, requests counsel, the trial court shall appoint counsel. 725 ILCS 5/122—4 (West 2000). The record also reflects defense counsel's full understanding of the procedural steps involved. On February 17, 2000, defense counsel appeared before the trial court, presented the petition, and asked for a date for status. Defense counsel also indicated to the trial court that it had some time to determine whether the motion itself was frivolous. The trial court proposed that the matter be decided by the judge who presided over defendant's trial and continued the matter for status. Despite defendant's argument to the contrary now, the record clearly reflects a first-stage proceeding.

Likewise, defendant's second argument fails. Defendant argues that, when the trial court granted leave for defendant to file a second amended postconviction petition and set the cause for status, the cause advanced to the second stage. Defendant asserted that, at that point, his counsel had every reason to expect that he would eventually be able to argue the merits of the postconviction petition. Although the Act contemplates only one filing of a postconviction petition, it allows for amendments of the petition. See 725 ILCS 5/122—3, 122—5 (West 2000); *People v. Watson*, 187 Ill. 2d 448 (1999); *People v. Whitehead*, 169 Ill. 2d 355, 368 (1996). The *Watson* court recognized the statutory authority providing for amendments to postconviction petitions and further held that the filing of an amended postconviction pe-

tition restarts the 90-day summary review period for a trial court to determine whether the petition warranted summary dismissal. *Watson*, 187 Ill. 2d at 451.

■ In the present case, defendant filed an amended petition on April 13, 2000. On April 28, 2000, defense counsel appeared before the trial court for status. He sought leave to file defendant's affidavit and leave to file a second amended postconviction petition with additional affidavits. The trial court granted defense counsel leave to file the petition and accompanying affidavits by May 3 and set the cause for May 12. On May 12, 2000, defense counsel stated that the cause was up for status, informed the trial court of the documents on file, and asked for a "date." The trial court responded as follows:

> "THE COURT: The Court is already in the process of responding to the petitions and so let's set it for status. Let's go to June 9th, 9:00 AM. It's not for hearing, it's just for status."

Defense counsel acknowledged his understanding of the trial court's response. Further, on June 9, defense counsel noted that the trial court had dismissed defendant's petition, and he asked the trial court to appoint the office of the Appellate Defender to represent defendant on appeal. Defense counsel stated that defendant's family and friends had paid his firm but they lacked the funds to pursue defendant's appeal. The trial court thereafter ordered the appointment of an appellate defender for defendant.

Based on our review of the record, defendant's claim that his second amended postconviction petition had effectively proceeded to the second stage because the trial court allowed him leave to file an amended petition is without merit.

■ Defendant's second issue is whether the trial court erred when it summarily dismissed his second amended postconviction petition. Defendant's second amended postconviction petition raised 14 grounds on which trial counsel was allegedly ineffective. On appeal, defendant cites four of those grounds in support of his contention that the petition stated the gist of a meritorious constitutional claim of ineffective assistance of counsel. On May 17, 2000, the trial court entered its written order, finding that defendant's claims were without merit, not supported by the facts, and failed to demonstrate any violations of the *Strickland* standards. The trial court thereafter dismissed defendant's second amended postconviction petition.

In the present case, we do not believe that the claims stated in defendant's second amended postconviction petition entitle him to relief under the Act. Because of considerations of *res judicata* and waiver, the scope of a postconviction review is limited "to constitutional matters which have not been, and could not have been, previously

adjudicated." *People v. Winsett*, 153 Ill. 2d 335, 346 (1992). Therefore, issues that were raised on direct appeal from the underlying judgment of conviction, or that could have been raised but were not, ordinarily will not be considered in a postconviction proceeding. *People v. West*, 187 Ill. 2d 418, 425 (1999). However, waiver is not implicated where a defendant's postconviction claim relies on evidence *dehors* the record. *People v. Enis*, 194 Ill. 2d 361, 375-76 (2000), citing *People v. Holman*, 164 Ill. 2d 356, 362, 376 (1995). In such a case, the petitioner is entitled to a hearing on the postconviction claims only where the allegations of the petition, supported by the trial court record and accompanying affidavits, make a substantial showing of a violation of a constitutional right. *Enis*, 194 Ill. 2d at 376. All well-pleaded facts in the petition and accompanying affidavits are taken as true, and the sufficiency of the allegations in the petition are reviewed *de novo. Enis*, 194 Ill. 2d at 376.

In the present case, defendant alleges that he received the ineffective assistance of counsel when defense counsel failed (1) to allow defendant to testify in his own defense at trial; (2) to make a record of possible undue influence by the trial court; (3) to obtain medical records and present medical evidence of defendant's grandmother; and (4) to dismiss a juror. Defendant averred that he insisted on testifying, that defense counsel led him to believe he would testify, and that neither his counsel nor the trial court gave him the opportunity to testify. Defendant also averred that he knew a juror and told his counsel to strike that juror.

The record belies defendant's claims. During *voir dire,* defense counsel indicated that he might not call any witnesses and specifically requested the trial court to inform the jury that defendant did not have to testify. During the jury instructions conference, defense counsel indicated he was uncertain whether defendant would testify. Following defendant's case in chief but before the trial court instructed the jury, the trial court asked defendant whether he had any questions regarding the instructions and, specifically, "the one regarding you not testifying." Defendant replied that he did not. The record also reflects the trial court's full disclosure of its *ex parte* conversation with Senator Geokaris prior to sentencing, defense counsel's decision to argue that the *State's* failure to obtain blood samples from the occupants of the grandmother's apartment created a reasonable doubt of defendant's guilt, and defense counsel's reasoning and decision not to strike the juror that defendant now insists should have been dismissed.

Courts have consistently upheld the dismissal of a postconviction petition when the record from the original trial proceedings contradicts the defendant's allegations. *People v. Rogers*, 197 Ill. 2d at 222, citing

*Coleman*, 183 Ill. 2d at 382. Based on our review of the record, we conclude that all of the allegations raised in defendant's second postconviction petition could have been raised on direct appeal and that none of defendant's claims are supported by the original trial record. Defendant's affidavits to his second amended postconviction petition were entirely insufficient to support the conclusory allegations in his petition.

One of the issues this court addressed in defendant's direct appeal was whether he was denied the effective assistance of counsel. We concluded that, because the evidence against defendant was overwhelming, he could not satisfy the prejudice prong of the *Strickland* test. See *Wright*, No. 2—97—0444, slip order at 36. A petitioner cannot obtain relief under the Act by rephrasing, in constitutional terms, issues that were, or could have been, previously addressed, such as the ineffective assistance of counsel. *People v. Flores*, 153 Ill. 2d 264, 277-78 (1992) (and cases cited therein). Moreover, defendant has failed to demonstrate cause and prejudice for his failure to raise these arguments at an earlier point in the history of this case. See *People v. Holman*, 191 Ill. 2d 204 (2000). Defendant's specific allegations of error, therefore, are waived. Furthermore, his claim of the ineffective assistance of counsel is barred by the doctrine of *res judicata*. Accordingly, the trial court properly dismissed defendant's second amended postconviction petition.

■ In case No. 2—01—0190, defendant claims that the trial court erred when it dismissed his postconviction petition because it raised a valid claim that his extended-term sentence is unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The State counters that *Apprendi* does not apply retroactively to collateral proceedings. We agree with the State.

In *People v. Flowers*, 138 Ill. 2d 218 (1990), our supreme court determined the circumstances in which new constitutional rules could be retroactively applied to cases on collateral review. For a comparative analysis, the *Flowers* court examined the United States Supreme Court case of *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989), which pronounced the general rule that decisions establishing new constitutional rules of criminal procedure are not applied retroactively to cases pending on collateral rule, with two exceptions that are to be narrowly construed. The first exception states that the new rule should be given retroactive application if it places certain kinds of primary, private individual conduct beyond the power of the criminal-law-making authority to proscribe. *Flowers*, 138 Ill. 2d at 241. *Apprendi* does not apply under the first exception. The second exception states that the new rule should be given retroactive applica-

tion if it requires the observance of those procedures that are implicit in the concept of ordered liberty. *Flowers*, 138 Ill. 2d at 241. A split in authority exists regarding the application of *Apprendi* under the second *Teague* exception. See, *e.g.*, *People v. Johnston*, 327 Ill. App. 3d 385 (5th Dist. 2002) (holding that *Apprendi* applies retroactively to postconviction proceedings); *People v. Montgomery*, 327 Ill. App. 3d 180 (1st Dist. 2001) (holding that *Apprendi* does not apply to postconviction proceedings); *People v. Lee*, 326 Ill. App. 3d 882 (3d Dist. 2001) (holding that *Apprendi* applies retroactively to postconviction proceedings); *People v. Helton*, 321 Ill. App. 3d 420 (4th Dist. 2001) (holding that *Apprendi* does not apply retroactively to postconviction proceedings).

Until recently, this district had not addressed whether *Apprendi* applies retroactively to postconviction proceedings. In *People v. McGee*, 328 Ill. App. 3d 930 (2002), this court considered the issue. We found persuasive the rationale in *People v. Kizer*, 318 Ill. App. 3d 238 (2000), and held that *Apprendi* does not apply retroactively to cases on collateral review. See *McGee*, 328 Ill. App. 3d at 936.

In *Kizer*, the reasoning of which this court adopted in *McGee*, the reviewing court held that *Apprendi* may not be applied retroactively to cases pending on collateral review. *Kizer*, 318 Ill. App. 3d at 252. The *Kizer* court relied on *Flowers* and analogized the holding in *Apprendi* to the holding in *People v. Reddick*, 123 Ill. 2d 184 (1988). The *Reddick* court held that "certain instructions, such as the burden of proof and elements of the offense, are essential to a fair trial and that the failure to give such instructions constitutes grave error when, viewing the record as a whole, it appears that the jury was not apprised of the People's burden of proof." *Reddick*, 123 Ill. 2d at 198. The *Kizer* court stated that the "burden of proof problem in *Reddick* exposed defendants to the danger of deprivations just as unfair as any deriving from the *Apprendi* problem." *Kizer*, 318 Ill. App. 3d at 252. The *Kizer* court thus reasoned that, if *Reddick* did not fall within the exception to the *Flowers* rule, neither did *Apprendi*. *Kizer*, 318 Ill. App. 3d at 252.

We also find the reviewing court's analysis in *Kizer* persuasive and conclude, as the *McGee* court did, that *Apprendi* does not apply retroactively to a postconviction petition. Accordingly, the trial court properly dismissed defendant's postconviction petition.

For the foregoing reasons, the judgments of the circuit court of Lake County are affirmed.

Affirmed.

CALLUM and KAPALA, JJ., concur.