785 N.E.2d 76 (2003)
337 Ill. App.3d 175
271 Ill.Dec. 425
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Green SMITH, Defendant-Appellant.
No. 1-01-2623.
Appellate Court of Illinois, First District, Sixth Division.
January 24, 2003.
*77 Office of the State Appellate Defender (Michael J. Pelletier, Robert P. Davidow, of counsel), for Appellant.
State's Attorney of County of Cook (Richard A. Devine, Renee Goldfarb, Alan J. Spellberg, of counsel), for Appellee.
Presiding Justice GALLAGHER delivered the opinion of the court:
Petitioner, Green Smith, appeals from the trial court's summary dismissal of his post conviction petition.[1] In the appeal, petitioner contends that the statute under which he was sentenced violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, (2000).
On March 27, 1987, following a bench trial, petitioner was convicted of possession of a controlled substance with intent to deliver (heroin), a Class X offense. At the sentencing hearing, the parties stipulated that petitioner had prior federal court convictions for continuing criminal enterprise and conspiracy to distribute narcotics. The trial judge sentenced petitioner to 40 years imprisonment, citing sections 408(a) and (b) of the Illinois Controlled Substances Act (Ill.Rev.Stat.1985, ch. 56½, pars. 1408(a), (b)), which allow for an enhanced sentence if a defendant is convicted of a second or subsequent offense. Petitioner's convictions and sentence were affirmed by this court on direct appeal. People v. Bradford, 187 Ill.App.3d 903, 923, 135 Ill.Dec. 350, 543 N.E.2d 918, 931 (1989). In March 2001, petitioner filed a post conviction petition alleging that his enhanced sentence was in violation of his constitutional rights under Apprendi. The trial court dismissed the petition as "frivolous and patently without merit," concluding that petitioner's sentence fell "within the recidivist exception to the Apprendi rule." This appeal followed.
At the time of petitioner's sentencing, the penalty for a Class X felony was a term of imprisonment from 6 to 30 years. Ill.Rev.Stat.1985, ch. 38, par. 1005-8-1(a)(3) (now 730 ILCS 5/5-8-1(a)(3) (West 2000)). That penalty could be enhanced under section 408 (Ill.Rev.Stat.1985, ch. 56½, par. 1408(a)), which provided that any person convicted of a second or subsequent offense under the Controlled Substances Act (now 720 ILCS 570/100 et seq. (West 2000)) (the Act) may be sentenced to imprisonment *78 for a term up to twice the maximum term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. An offense is considered second or subsequent if, prior to an offender's conviction, the offender has at any time been convicted under the Act or under any law of the United States or of any state relating to controlled substances. Ill.Rev.Stat.1985, ch. 56½, pars. 1408(a),(b) (now 720 ILCS 570/408(a), (b) (West 2000)). Petitioner was eligible for the enhanced sentence due to his federal drug convictions.
On appeal, petitioner claims that the enhanced sentence is unconstitutional under Apprendi because the indictment for the state drug offense did not allege the existence of prior convictions. Thus, petitioner's sentence was based upon the previous convictions though they were not proven beyond a reasonable doubt during the bench trial.
In Apprendi, the United States Supreme Court held that due process requires that any fact, other than a prior conviction, that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Despite the unequivocal declaration by the Court that its holding does not apply to prior convictions, petitioner asks this court to ignore this statement of law. In short, petitioner cites concurrences and dissents filed in Apprendi, 530 U.S. at 501, 120 S.Ct. at 2368, 147 L.Ed.2d at 462 (Thomas, J., concurring, joined by Scalia, J.), Almendarez-Torres v. United States, 523 U.S. 224, 251, 118 S.Ct. 1219, 1234, 140 L.Ed.2d 350, 373 (1998) (Scalia, J. dissenting, joined by Stevens, Souter and Ginsburg, JJ.), and Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 2423-24, 153 L.Ed.2d 524, 548-49 (2002) (Thomas, J., dissenting, joined by Stevens, Souter and Ginsburg, JJ.) to suggest that five Supreme Court justices have proclaimed that recidivism should not be an exception to Apprendi. We find petitioner's argument to be contrary to the law enunciated in Apprendi and Almendarez-Torres, as well as several opinions by this court interpreting Apprendi.
Before explaining our reasoning, however, we must address two concerns that arise when considering petitioner's Apprendi argument. We first address whether the ruling of Apprendi may be applied retroactively to cases such as this on collateral review. There is a conflict regarding this issue not only within the appellate districts of this state but also within the six divisions of the First District. Compare People v. Wright, 329 Ill. App.3d 462, 468, 264 Ill.Dec. 218, 769 N.E.2d 1055, 1062 (2d Dist.2002), following People v. Kizer, 318 Ill.App.3d 238, 252, 251 Ill.Dec. 925, 741 N.E.2d 1103, 1115 (1st Dist., 1st Div.2000) (Apprendi does not apply retroactively), and People v. Lee, 326 Ill.App.3d 882, 888, 260 Ill.Dec. 752, 762 N.E.2d 18, 24 (3d Dist.2001) citing People v. Beachem, 317 Ill.App.3d 693, 706, 251 Ill.Dec. 308, 740 N.E.2d 389, 397 (1st Dist., 3d Div.2000) (Apprendi applies retroactively). The sixth division has adopted Kizer's reasoning in holding that Apprendi considerations do not fall within the "ordered liberty" exception requiring retroactive application. See People v. Montgomery, 327 Ill.App.3d 180, 190, 261 Ill.Dec. 399, 763 N.E.2d 369, 378 (1st Dist., 6th Div.2001), citing People v. Flowers, 138 Ill.2d 218, 149 Ill.Dec. 304, 561 N.E.2d 674 (1990). Thus, the merits of petitioner's Apprendi argument do not need to be considered. However, even were we to review the issues raised under Apprendi, as discussed further below, petitioner's argument does not prevail.
*79 Second, the petitioner's Apprendi argument is unusual in that he waived his right to a jury trial and was found guilty at a bench trial. Thus, any assertion that Apprendi affords petitioner the right to have his prior convictions proven to a jury has been waived. We will therefore consider only that portion of petitioner's argument which contends that his prior convictions should have been proven beyond a reasonable doubt.
In Apprendi, the Court expressly stated that recidivism was an exception to the constitutional requirement that facts which increase a penalty beyond the maximum must be proven beyond a reasonable doubt. Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63, 147 L.Ed.2d at 455. This was in part because recidivism does not relate to the commission of an offense. Apprendi, 530 U.S. at 488, 120 S.Ct. at 2362, 147 L.Ed.2d at 454, citing Almendarez-Torres, 523 U.S. at 244, 118 S.Ct. at 1231, 140 L.Ed.2d at 368. Additional reasons the Court gave for distinguishing prior convictions from other "elements" or "facts" of the crime include: (1) a defendant admits the earlier convictions at sentencing and does not generally challenge the accuracy of the "fact" of the convictions; and (2) the procedural safeguards that were present in the proceedings where the prior convictions were obtained insure that a defendant's due process rights were protected. Apprendi, 530 U.S. at 488-89, 120 S.Ct. at 2361-62, 147 L.Ed.2d at 453-54. Unlike other elements of a crime, prior convictions have a degree of constitutional trustworthiness already attached to them and are therefore exempt from the requirements set forth in Apprendi. Apprendi, 530 U.S. at 488-90, 120 S.Ct. at 2361-62, 147 L.Ed.2d at 453-55, citing Jones v. United States, 526 U.S. 227, 248-49, 119 S.Ct. 1215, 1227, 143 L.Ed.2d 311, 329-30 (1999).
The recidivism exception in Apprendi was recognized in Illinois in People v. Lathon, 317 Ill.App.3d 573, 251 Ill.Dec. 296, 740 N.E.2d 377 (2000). Lathon relied on the Apprendi analysis in holding that sentencing enhancements based on prior convictions that were not presented to a jury did not violate due process rights or jury trial guarantees. Lathon, 317 Ill.App.3d at 584-85, 251 Ill.Dec. 296, 740 N.E.2d at 384-85. Lathon has since been followed in People v. Young, 334 Ill.App.3d 785, 794, 268 Ill.Dec. 679, 779 N.E.2d 293 (2002), People v. Wallace, 331 Ill.App.3d 822, 837-38, 265 Ill.Dec. 414, 772 N.E.2d 785, 800 (2002), People v. Thompson, 328 Ill.App.3d 360, 366, 262 Ill.Dec. 601, 765 N.E.2d 1209, 1213 (2002), and People v. Landrum, 323 Ill.App.3d 664, 667, 257 Ill.Dec. 916, 755 N.E.2d 18, 21 (2001).
Although all of the preceding decisions discussed the validity of section 5-5-3.2(b)(1) of the Unified Code of Corrections (730 ILCS 5/5-5-3.2(b)(1) (formerly Ill.Rev.Stat.1991, ch. 38, par. 1005-5-3.2(b)(1))), section 5-5-3.2(b)(l) also addresses sentencing enhancements due to prior convictions.[2] Petitioner's arguments here are identical to those raised with section 5-5-3.2(b)(l). The factors that were cited in applying the recidivism exception to section 5-5-3.2(b)(1) are also present here. Petitioner stipulated to his *80 prior federal convictions and made no argument to the trial court that the constitutional guarantees of fair notice, reasonable doubt and the right to a jury trial were absent in the federal court proceedings. The prior convictions are not an element of the underlying offense and are unrelated to the commission of the offense. Consistent with the findings of this court when analyzing section 5-5-3.2(b)(1), we therefore conclude that petitioner's sentence enhancement under section 408 was not in violation of Apprendi.
Petitioner's final argument is that section 408 violates article I, section 13, of the Illinois Constitution. Ill. Const.1970, art. I, § 13. This provision of the constitution adopts the common law principle that every element of a crime be presented to a jury, including the fact of a prior conviction. While it has been held that prior convictions must be proven before a jury, this is only a requirement when the legislature has caused a prior conviction to change the nature of the offense, thereby making it an element of the offense. See People v. Palmer, 104 Ill.2d 340, 348, 84 Ill.Dec. 658, 472 N.E.2d 795, 799-800 (1984) (prior conviction must be proven to trier of fact for possession of weapons charge because prior conviction is required to charge as felony). The Palmer court distinguished the possession of weapons statute in that case from section 5-8-2 (Ill. Rev. Stat 1981, ch. 38, par. 1005-8-2 (now 730 ILCS 5/5-8-2 (West 2000))). Because section 5-8-2 deals exclusively with sentencing enhancements and not the offense itself, the prior conviction did not have to be presented to the jury.[3] Accordingly, the jury requirement is inapplicable to sentencing enhancement statutes such as section 408. Palmer, 104 Ill.2d at 348, 84 Ill.Dec. 658, 472 N.E.2d at 800.
Petitioner also asks this court to reconsider our decision in People v. Pittman, 326 Ill.App.3d 297, 301, 260 Ill.Dec. 327, 761 N.E.2d 171, 175 (2001), which addressed the same constitutional questions and concluded that statutes which provide for sentence enhancements do not violate the Illinois constitution. The petitioner in Pittman, as did the petitioner here, cited People v. Boykin, 298 Ill. 11, 131 N.E. 133 (1921), and People v. Long, 4 Ill.2d 598, 123 N.E.2d 718 (1955), to support his constitutional argument. In rejecting the petitioner's argument, the Pittman court noted that while Boykin and Long required prior convictions to be pled in the information and proven at trial, neither court based its decision on provisions of the Illinois Constitution. Pittman, 326 Ill. App.3d at 301, 260 Ill.Dec. 327, 761 N.E.2d at 174. Additionally, the Long court's holding included the exception that unless controlled by statute, a prior conviction must be alleged to enhance a sentence based on that conviction. Long, 4 Ill.2d at 603-04, 123 N.E.2d at 721. Here, former section 408 stated that petitioner's sentence may be enhanced due to his prior convictions. Thus, the statute controls, rendering the requirement in Long inapplicable. We therefore conclude that petitioner's argument has no merit on state constitutional grounds.
In conclusion, we find the 40-year sentence to be proper. Petitioner's sentence was enhanced from the statutory maximum due to his prior federal convictions. Prior convictions are treated as a narrow exception to the general rule in Apprendi when procedural safeguards are present in the previous proceedings to ensure *81 constitutional guarantees. Apprendi, 530 U.S. at 489-90, 120 S.Ct. at 2362, 147 L.Ed.2d at 454-55. Such safeguards were shown here; thus, petitioner's prior convictions fall within the exception to Apprendi.
Furthermore, petitioner was proven guilty beyond a reasonable doubt on all of the facts and elements that constituted the state offense. Therefore, petitioner's state constitutional rights were not violated.
For all of the foregoing reasons, we affirm the trial court's summary dismissal of petitioner's post conviction petition. As part of our judgment, we grant the State's request to assess defendant $100 as costs for this appeal.
Affirmed.
SHEILA M. O'BRIEN, P.J., and FROSSARD, J., concur.
NOTES
[1] Though petitioner titled his petition "Petition of Habeas Corpus," the arguments raised and the nature of the proceedings indicate that this was in error, and the trial court treated the petition as a petition for post conviction relief.
[2] Section 5-5-3.2(b)(1) states that the court may consider imposing an extended-term sentence when a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction. The trial court in this case cited section 408 as the applicable enhancement statute because it was uncertain as to whether a federal conviction qualified as "any other jurisdiction" under section 5-5-3.2(b)(1).
[3] Section 5-8-2 states in relevant part that a judge may sentence an offender to a term of imprisonment that exceeds the maximum if factors in aggravation are found to be present. 730 ILCS 5/5-8-2 et seq. (West 2000).